THALHEIM v. CITY OF GRETNA ET AL.

(July 1, 1931. Opinion and Decree.)
(July 20, 1931. Rehearing Refused.)
(October 15, 1931. Writ of Certiorari and Review Refused by Supreme Court.)

Andrew H. Thalheim, of Gretna, in propria persona, attorney for plaintiff, appellant.

John E. Fleury, of New Orleans, attorney for defendant, appellee.

JANVIER, J. On July 2, 1929, the "Mayor and Board of Aldermen of the City of Gretna" adopted an ordinance, being numbered 422, under which plaintiff, Andrew H. Thalheim, was selected as city attorney for a term of four years "from July 1st, 1929," at a salary of $50 per month.

On July 2nd, the said Thalheim entered upon his duties as city attorney for the City of Gretna and performed the same until, by verbal resolution adopted by the mayor and board of aldermen on March 3, 1931, the "office" of city attorney was declared vacant.

Thalheim, by this suit, seeks to enjoin any interference with him in the performance of his duties and in the collecting of the regular monthly salary provided for in ordinance No. 422. In the alternative, and in the event that it be held that he is not entitled to the injunction prayed for, then plaintiff alleges that the adoption of the said ordinance created a contract between him and the city of Gretna for a term of four years and that he is entitled to the remuneration which he would have earned had he been permitted to perform the duties for which, by the said ordinance, he was selected. He fixes the amount of salary to which he would have been entitled during the remainder of the term at $1,400 and he also claims that, by special employment he acted in certain other matters in which he earned further fees totaling $1,354.97, which, when added to the $1,400 salary item, makes the total amount which he claims in the alternative, $2,754.97.

So far as is concerned the alternative claim for the amounts to which he says he is entitled under the contract, if he is not entitled to an injunction maintaining him in the position, it is apparent that the amount involved, to-wit: $2,754.97, is beyond the jurisdiction of this court.

In answer to the application for injunction the mayor and those members of the board of aldermen who voted to declare the office vacant aver that the position of city attorney is not an "office" in the sense that the incumbent has a right thereto which may be protected by injunction, and that one who is employed to fill such position is a mere employee and may be removed at will, his only remedy being to seek to collect any salary or remuneration to which he may be entitled as a result of the contract of employment.

It is conceded that the city of Gretna was incorporated under Act No. 136 of 1898 and that the rights and duties and powers of the mayor and board of aldermen are fixed and controlled by that statute and by the various amendments thereof.

The most serious contention made by defendants is that although the mayor and board of aldermen by section 23 of Act No. 136 of 1898, as amended by section 2 of Act No. 97 of 1900, and as further amended by section 2 of Act No. 306 of 1908, are authorized to employ an attorney when necessary, the term for which such attorney may be employed is, by the said statutes, fixed at one year, and that thus in adopting ordinance No. 422 the mayor and board of aldermen exceeded their authority. That their act in selecting the attorney for four years was ultra vires. In section 2 of Act No. 306 of 1908, which is the last of the amendments to the section as it originally appeared in the act of 1898 we find the following:

"The Board of Aldermen may annually appoint an attorney-at-law for the municipality, prescribe his duties and fix the compensation, or it may employ counsel to represent the interest of the municipality should occasion require."

Plaintiff, however, maintains that since section 38 of Act No. 136 of 1898 as amended by section 1 of Act No. 22 of 1928 provides that in case of a vacancy in any municipal office to which the officer is selected or appointed by the mayor and board of aldermen the said vacancy may be filled for the term by the mayor and board of aldermen at any regular or special meeting, the said mayor or board of aldermen are given the right to employ the attorney for the term for which they themselves have been elected.

We do not agree with counsel in this suggestion and for two reasons: First, because we are of the opinion that the position of city attorney is not one of the municipal officers referred to in section 38 of Act No. 136 of 1898 and in Act No. 22 of 1928 and, second, because we believe that, in the case of such office, as is contemplated by those sections, a vacancy may be filled by the selection of a new incumbent, not for the term remaining to the mayor and board of aldermen, but for the term which would have remained to the original incumbent in the particular office. It follows, then, that if the authority of the mayor and board of aldermen is limited to the selection of a city attorney for a term of one year, or "annually" as the act provides, then if the office of city attorney becomes vacant, it may be filled by the mayor and board of aldermen not for the unexpired term remaining to them, but for the unexpired term which would have remained to the original incumbent in the position of city attorney.

That the position of city attorney is not such an office as is referred to in section 38 of Act No. 136 of 1898 and as amended by Act No. 22 of 1928, appears from the fact that in the act of 1898 it is pro-

vided that "the officers of every municipality shall be a mayor, aldermen, a marshal, tax-collector and a street commissioner, of whom the mayor and aldermen and marshal shall be elected by the people and the other officers by the board of aldermen." Sec. 19. Nowhere do we find mention of an attorney to represent the mayor and board of aldermen, except in that section of the act to which we have referred and which limits the term of the attorney to one year. Necessarily, then, the mayor and board of aldermen had no authority to select such attorney for more than one year and necessarily, also, at the expiration of that year his term of office came to an end. If thereafter he was permitted to discharge the duties of that position, he was entitled to the salary so long as he was permitted to perform the duties, but thereafter, unless he was again selected for another term of one year, which it is not contended he was, the mayor and board of aldermen had the absolute right to remove him at will and without cause.

Plaintiff argues that inasmuch as he was employed by the adoption of a formal ordinance he can be discharged only by an ordinance of equal dignity. It was not necessary that he be employed by ordinance and, therefore, it follows that it was not necessary that an ordinance be adopted declaring the office vacant.

Plaintiff further contends that the authority for his employment for such term as the mayor and board of aldermen might deem proper appears in Act No. 231 of 1924, which amends paragraph 15 of section 15 of Act 136 of 1898, and which authorizes the mayor and board of aldermen to enact ordinances to provide, among other things, for the selection of such municipal officers other than those required by the original statute and amendments as may be found necessary. If the position of city attorney, or attorney for the city, or special attorney, or whatever designation may be given to such position had not been provided for in Act No. 136 of 1898 and in the amendments thereof, then it might be said that the position was one of those which the mayor and board of aldermen might fill if necessary, but inasmuch as such position is specially provided for, we cannot see how it can be said that the position is one other than those required by the act. Even if it be conceded that the attorney is one of those contemplated, since no term is fixed in the act of 1924, nor in paragraph 15 of section 15 of the act of 1898, it would follow that the term of one year, which is fixed in section 23 of the Act of 1898 would govern and that the authority to employ the attorney would be so limited.

Nor do we concur with the views of plaintiff that, since paragraph 16 of section 15 of Act No. 136 of 1898, as amended by Act No. 231 of 1924, provides for the enactment of ordinances "for the removal of officers and discharge of employees for misconduct or neglect of duty," there was no authority to discharge plaintiff except for cause and after proper trial. Such an argument might well be made in the case of an officer or an employee during the term authorized by the statute, if, during that term, an attempt should be made to remove him from his position, but here the term for which the plaintiff had been employed had come to an end and he was merely "holding over" and his salary was payable to him only from month to month and for so long as his employers permitted him to discharge his duties.

If, during the first year of his employment, an attempt had been made to remove him, he undoubtedly would have been protected by the sections of the statute to which he refers and could have been removed only for cause and after trial, but after his term had expired it was within

the power of his employers to discharge him instanter, and without the assignment of any reason.

Whether or not plaintiff has lost his rights to the injunction prayed for by reason of the fact that he has appealed only devolutively and has made no effort to maintain the status quo by taking such action as might have protected his rights is a question which we find it unnecessary to discuss in view of our conclusion that he is not entitled to an injunction maintaining him in office, even if, as a matter of fact, it be conceded that he is still occupying the position and has not lost his rights by failing to maintain his status.

We have not discussed the claim of plaintiff made in the alternative for the reason that, as we have already stated, that claim exceeds the jurisdictional limit of this court. It is true that to eliminate the salary claimed amounting to $1,400 leaves in dispute the remaining items which are within our jurisdictional limit, but jurisdiction is determined by the amount placed in dispute, by the pleadings, which amount was $2,754.90. Furthermore, in view of the fact that plaintiff in his main contention sought to enjoin the mayor and board of aldermen from interfering with him in performing his duties as city attorney, it would seem that his suit for fees earned in special employments could not properly be cumulated with the injunction proceeding. If plaintiff is entitled to compensation for any special services rendered, he, of course, may, by proper proceeding, assert his rights thereto. The judgment of the trial court refusing the injunction was, in our opinion, correct, and it is, therefore, ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed.

HIGGINS, J., takes no part.