10 So.2d 894

STATE v. SHEFFIELD.

No. 36751.

Nov. 4, 1942.

Rehearing Denied Nov. 30, 1942.

M. T. Monsour, C. B. Prothro, and Wellborn Jack, all of Shreveport, for appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and James U. Galloway, Dist. Atty., of Shreveport, for the State.

PONDER, Justice.

The defendant was tried and convicted under an indictment charging him with obtaining money, to wit: $100, from R. B. Clifton, upon a pretense and representation that he, the said A. Sheffield, could and would improperly influence the official action of a municipal officer and municipal officers of the City of Shreveport. Upon conviction, the defendant was sentenced to serve a period of one year in the penitentiary. He has appealed from the conviction and sentence.

During the course of the trial, it appears that five bills of exception were taken to the ruling of the trial court. On this appeal, the defendant is only urging Bills of Exception Nos. 1, 4 and 5.

Bill of Exception No. 1 is leveled at the refusal of the trial judge to order the district attorney to furnish a bill of particulars, setting forth the name and title of the municipal officer and municipal officers of the City of Shreveport sought to be improperly influenced.

The indictment in this case was brought under Act 59 of 1878, as amended by Act 162 of 1920 (Section 795, Dart's Criminal Statutes Annotated), which reads as follows:

"Any person who obtains or seeks to obtain money or other thing of value from another person upon a pretense, claim or representation that he can or will improperly influence in any manner, by any means direct or indirect, the official action of any judge, justice of the peace, sheriff, coroner, clerk of court, constable, jailor, attorney general or assistant attorney general, district attorney or district attorney pro tempore, grand or petit juror or jury commissioner, member of the General Assembly, or other officer of this State, ministerial or judicial, or any officer, parochial or municipal, shall be guilty of a felony, and on conviction thereof shall be punished by imprisonment in the penitentiary for a term of not less than one year nor more than five years, and shall forever be disqualified from holding any office of honor, trust, or profit in this State."

The record does not contain any notes of testimony, but from the per curiam of the trial judge, it appears that the State offered evidence to show that the defendant obtained the money upon the representation that the case would be fixed and the money distributed among the boys where it would do the most good. No particular officer was named or designated in the representation made by the defendant.

The matter of furnishing a bill of particulars rests largely within the discretion of the trial judge, and his ruling will not be disturbed unless there is manifest error, and particularly in the absence of a clear showing that the defendant was prejudiced. Article 288, Code of Criminal Procedure; State v. Buhler, 132 La. 1065, 62 So. 145; State v. Lewis, 159 La. 109, 105 So. 243; State v. Ezell, 189 La. 151, 179 So. 64; 1 Bishop, Crim.Proc. 643; Marr's Crim.Jur., 2nd Ed., Vol. 1, Sec. 348, Page 515.

Bill of Exception No. 4 is taken to the refusal of the trial judge to give a special charge to the jury to the effect that a

policeman is not a municipal officer within the meaning of the statute under which the defendant is prosecuted.

Bill of Exception No. 5 is leveled at the general charge given to the jury that a policeman is a municipal officer of the City of Shreveport within the meaning of the statute.

The defendant takes the position that a policeman is not a municipal officer of the City of Shreveport. He relies on the cases of State v. Edwards, 38 Mont. 250, 99 P. 940; Huntington v. City of Calais, 105 Me. 144, 73 A. 829; and Thalheim v. City of Gretna, 17 La.App. 657, 136 So. 184. These cases are not in point for the reason that the charter of Shreveport, Act 158 of 1898, in Section 18, gives the City Council the power to organize, appoint, uniform and commission the police force and to appoint as many officers as may be necessary, etc.

In the case of Hall et al. v. City of Shreveport, 157 La. 589, 102 So. 680, it was held that a policeman is a municipal officer of the City of Shreveport under the act of the Legislature creating the charter of the City.

In the Thalheim case cited by the defendant, the' City of Gretna was chartered under the Lawrason Act, Act 136 of 1898, as amended by Act 22 of 1928. The Lawrason Act provides who shall be the officials of municipalities created under the act. The City of Shreveport was not chartered under the Lawrason Act but by a special act of the Legislature. Under this special act of the Legislature chartering the City

of Shreveport, a policeman is a municipal officer.

For the reasons assigned, the conviction and sentence are affirmed.

O'NIELL, C. J., and ROGERS, J., absent. ·