174 So.2d 118 (1965)
247 La. 683
STATE of Louisiana
v.
Alvin GRAVES.
No. 47554.
Supreme Court of Louisiana.
March 29, 1965.
Rehearing Denied May 3, 1965.
Gravel, Sheffield & D'Angelo, James S. Gravel, Alexandria, for defendant-appellant.
Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., F. Jean Pharis, Dist. Atty., Jules L. Davidson, Jr., Asst. Dist. Atty., for appellee.
SUMMERS, Justice.
Appellant Alvin Graves was adjudged a fourth offender under LSA-R.S. 15:529.1 and was sentenced to twenty years in the State Penitentiary.
His sole reliance on this appeal is alleged error committed by the trial judge in denying his motion to appoint a lunacy *119 commission to inquire into his assertion that he was presently insane.
The motion filed by his attorney alleges that counsel had good reason to believe that Graves was not of sound mind and understanding and was mentally defective to the extent that he was unable to understand the proceedings against him or to assist in his defense. No facts are set forth in the motion to support this general assertion of counsel.
To support the motion evidence was introduced showing that Graves had five times been convicted of felonies. On the trial of the motion, and in brief before this court, counsel argues that the record of the convictions shows that from the age of seventeen until thirty-five defendant's life has been a history of crime. Though it is not contended that the five convictions, in themselves, prove a mental disease or mental condition that would prohibit Graves from understanding the proceedings against him or from assisting in his defense, it is argued that this record of crime is some evidence of mental disease which should raise a doubt in the court's mind as to defendant's present sanity.
It is further asserted that present sanity is a medical question to be determined by experts, and, because of his indigence, defendant could not afford to employ experts to testify concerning his mental condition. The inference we are to draw from this is that the court should appoint a lunacy commission to supply this evidence.
The trial judge was not of the opinion that the criminal record of the accused was an indication of insanity. In his per curiam he observed: "If there could possibly have been any doubt in anyone's mind as to the present sanity of the prisoner, it certainly must have been removed by the very rational manner in which he conducted himself on the various court appearances and, particularly, while he was on the witness stand." A lunacy commission was not appointed for the judge had "no reasonable grounds to believe that the mental condition of the accused warranted such action."
The authority in law for the appointment of a lunacy commission is contained in LSA-R.S. 15:267 which directs the appointment of medical experts to inquire into the mental condition of the accused when the court has "reasonable grounds" to believe that the defendant is insane or mentally defective.
The jurisprudence of this court interpreting that provision of the Revised Statutes and the prior statutes to the same effect has consistently recognized that a presumption exists in the law that every man is sane. State v. Scott, 243 La. 1, 141 So.2d 389 (1962); State v. Augustine, 241 La. 761, 131 So.2d 56 (1962) and authorities therein cited.
This presumption places the burden upon the accused, therefore, to establish by a clear preponderance of the evidence "reasonable grounds" for the judge to believe that he is mentally defective.
The appointment of a lunacy commission to determine the mental condition of the accused is not a perfunctory matter, nor is it guaranteed to every accused in every case. It is a matter which addresses itself to the sound discretion of the trial court, the test being whether, from the facts brought to the attention of the judge, he has reasonable grounds to believe that the accused is mentally defective to the extent that he is unable to understand the proceedings against him or assist in his defense. State v. Johnson, 226 La. 30, 37, 74 So.2d 402, 404 (1954) and authorities cited therein.
The requirement of reasonable grounds is not met by general allegations of counsel unsupported by evidence, nor is it necessary, on the other hand, that expert medical witnesses testify as to the mental deficiency of the accused. Reasonable grounds may often be established by lay *120 testimony and facts and circumstances indicating that a more thorough examination by a lunacy commission is in order.
The only evidence to support this motion was the record of convictions which, as counsel for the accused concedes, does not establish a reasonable ground to believe that the accused was mentally defective, except, possibly, by inference. But there is no evidence of record or reason advanced in argument which persuades us that such an inference should be drawn in this case. On the other side of the ledger we have the benefit of the trial judge's observation of the accused on numerous occasions in court and on the witness stand. He was convinced that, because of the rational conduct and testimony of the accused, he was not insane.
The appellant has failed to discharge the burden of establishing reasonable grounds to believe that his sanity was questionable.
There was no manifest abuse of discretion in the ruling of the trial judge.
The sentence is affirmed.