BARHAM, Justice.
Defendant Nunnery was convicted upon his trial by jury of aggravated battery, a violation of R.S. 14:34, and was sentenced to serve four years in the parish jail, with credit for time served. Defendant relies upon one bill of exceptions for a reversal of his conviction.
The charge against defendant arose out of an incident which took place at the H & H Club in Zachary, Louisiana on the evening of December 19, 1972. The record reveals that defendant, apparently angered when the victim emerged victorious from a game of “eight ball” pool in which the two men had engaged, struck the victim with a broken pool cue and fractured the victim’s jaw in two places.
During the trial of the matter, defendant objected to the introduction into evidence of ten photographs which depicted the physical lay-out of the establishment wherein the battery took place. The State offered the photographs for introduction at the conclusion of the testimony of its second witness, Julius Bombet, a professional photographer employed as an investigator by the East Baton Rouge Parish District Attorney’s office, who had taken the pictures on the morning of the trial, April 9, 1973. Defense counsel objected that no foundation had been laid for the introduction of the photographs because Bombet could not testify that the photographs depicted the area as actually situated on the date of the crime. The State argued that its first witness, Lt. Skidmore, one of the deputies dispatched to investigate the incident on the date it occurred, had testified, “ * * * that this is what the pictures show, and he was at the H & H Club on the nineteenth.” Thereupon, the trial court overruled defendant’s objection.
The record reveals that prior to the testimony of Mr. Bombet and the introduction of the photographs into evidence, Lt. Skid-more, a Baton Rouge Deputy Sheriff, testified that he was familiar with the lay-out of the H & H Club and, as each of the ten photographs was shown to him, indicated which area of the establishment the photograph depicted. Although the information *625 was not elicited from Lt. Skidmore during his testimony, defendant contends in brief that Lt. Skidmore’s only visit to the H & H Club occurred on the night of the incident. If this assertion found support in Lt. Skidmore’s testimony, it would defeat defendant’s complaint that the photographs were improperly admitted. However, Lt. Skidmore’s testimony does not reveal that his visit to the H & H Club on the night of the incident was the only time he was present there, and his testimony does not establish that the scenes depicted were true representations of the situation of the area on the night of the offense. It is clear that the photographs were relevant only if they were introduced to show the physical lay-out of the Club as it existed on the night of the commission of the offense and that this was the State’s purpose in offering these pictures for introduction into evidence. We believe, therefore, that defendant’s objection to the introduction of the photographs should have been sustained by the trial court and that the trial court erred in allowing the State to introduce these ten photographs into evidence at a time when it had not been established that they presented an accurate portrayal of the physical lay-out of the Club on the night of the incident. At the time the trial court allowed the introduction of the photographs their relevancy had clearly not been shown.
Notwithstanding our determination that the trial court erred in allowing the photographs to be introduced into evidence at the time they were introduced, we hold that the error was harmless. C.Cr.Pro. Art. 921. The fourth witness to testify on the State’s behalf, Richard Boyd, an employee of the H & H Club at the time of the incident, was shown each photograph by the prosecutor, and stated that each picture depicted its subject as it appeared on the night of December 19, 1972. It is clear, therefore, that Boyd’s testimony cured the error which existed by virtue of the premature introduction into evidence of the photographs after Mr. Bombet’s testimony. See State v. Dennis, 283 So.2d 238 (La.1973).
Defendant argues in brief that the testimony of Mrs. Barbara Cobb, an employee of the H & H Club at the time of the incident, showed that several changes in the physical lay-out of the Club had been made subsequent to the date of the offense but prior to the date on which the photographs were taken. Defendant therefore contends that the State failed to prove that there had been no substantial change in the area from, the date of the offense to the date on which the photographs were made. This failure, defendant contends, rendered the introduction of the photographs error.
A review of Mrs. Cobb’s testimony refutes defendant’s allegation. When initially handed the group of photographs and asked if they accurately portrayed the H & H Club as it existed on December 19, 1972, Mrs. Cobb, in response to her view of one of the photographs, testified, “I think this has been changed. I don’t know exactly when. I think it was after the first of the year.” When the prosecutor asked to see the photograph to which she was referring, Mrs. Cobb responded, “Right there. Oh, now, wait, now, which one is this ? I thought that was across the room. That’s right — at the back.”
This testimony clearly indicates that Mrs. Cobb, on further examination of the photograph, did not believe the change she originally indicated had actually taken place. Rather, her testimony indicates that the view depicted was correct and did reflect the scene which existed on the date of the offense. As noted above, Mr. Boyd’s testimony also revealed that the photographs were faithful depictions of the scene as it existed on the date of the offense.
In State v. Franks, 284 So.2d 584 (La.1973), we stated with regard to photographs, “We find the six month lapse between the taking of the photographs of the scene and the offense to be immaterial in the absence of a showing that the photo *626 graphs did not accurately depict the scene as it existed at the time of the offense.” The State established that the photographs did accurately depict the scene as it existed on December 19, 1972; the lapse of time between the taking of the photographs and the offense is immaterial.
Since we find that the error in introducing the photographs into evidence prematurely was subsequently cured by the testimony of Richard Boyd, and that no prejudice to defendant resulted from the introduction, the bill of exceptions is without merit.
For the reasons set forth above, the defendant’s conviction and sentence are affirmed.