305 So.2d 457 (1974)
STATE of Louisiana
v.
James A. CLARK, Jr.
No. 54220.
Supreme Court of Louisiana.
April 29, 1974.
On Rehearing December 2, 1974.
Rehearing Denied January 17, 1975.
*458 F. Clay Tillman, Jr., Leesville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., W. C. Pegues, III, Dist. Atty., T. R. Broyles, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The defendant, James A. Clark, Jr., after being tried and convicted of murder, was sentenced to life imprisonment. He now appeals, relying upon four Bills of Exceptions for reversal of his conviction and sentence.

BILL OF EXCEPTIONS NO. 1
In this Bill, defendant alleges that the trial court erred in appointing a new sanity commission when the original commission had not reported according to law. He further alleges that the court erred in refusing to allow him to change his plea from "not guilty and not guilty by reason of insanity" to "not guilty."
Defendant, represented by counsel, waived formal arraignment and entered the combined plea of Not Guilty and Not Guilty by Reason of Insanity. At this time, defense counsel moved for the appointment of a sanity commission in accordance with Article 650 of the Louisiana Code of Criminal Procedure. Three private psychiatrists from Alexandria, some 50 miles away, were appointed by the court. These psychiatrists declined to serve; later, on motion of the State, the court dissolved the original sanity commission and appointed a second one consisting of Dr. James E. Hill and Dr. Alfred T. Butterworth of the East Louisiana State Hospital at Jackson, Louisiana. Subsequent to the appointment of the second commission and the reservation of a bill of exceptions, defendant moved to withdraw his former plea of "not guilty and not guilty by reason of insanity" and to enter a plea of "not guilty." The court denied the motion, and defendant reserved a bill of exceptions to the ruling.
Article 650 of the Louisiana Code of Criminal Procedure makes the appointment of a sanity commission discretionary with the trial judge. Article 646 provides that either the state or the defendant can require an independent examination from that of the sanity commission. Defendant argues there is no authority for physicians to decline to serve on a sanity commission; therefore, appointment of the second commission was illegal. This argument is untenable. The matter of ordering a mental examination is within the sound discretion of the court. LSA-C.Cr.P. Arts. 643, 650. See State v. Graves, 1965, 247 La. 683, 174 So.2d 118; State v. Mack, 1962, 243 La. 369, 144 So.2d 363. The members of the first commission, for legitimate reasons, were unable to serve. The trial judge, in his sound discretion, after dissolving the first, appointed a second commission. Additionally, defendant could have had an independent examination under Article 646 of the Louisiana Code of Criminal Procedure, but failed to do so. Defendant has shown no prejudice from the court's orders and, in fact, had one of *459 the physicians from the second commission testify in his behalf at trial.
In denying the defendant's request to change his plea from "not guilty and not guilty by reason of insanity" to "not guilty", the court concluded that the request was made to avoid the trip to the East Louisiana State Hospital for examination. The court anticipated that prior to trial the defense counsel would re-urge the double plea.
Article 561 of the Louisiana Code of Criminal Procedure provides for the change of plea from "not guilty" to "not guilty and not guilty by reason of insanity" but not the converse. Under the Article, a change to "not guilty and not guilty by reason of insanity" must be made within ten days after arraignment. The court may allow a change of plea thereafter only if good cause is shown. Reasoning from Article 561, we are of the view that the converse change of plea should follow substantially the same rules. In this case, the request to change the plea came two months after arraignment with no adequate showing of good cause.
We conclude that the trial judge did not abuse his discretion. In any event, no prejudice to the defendant resulted. See LSA-C.Cr.P. Art. 921.

BILL OF EXCEPTIONS NO. 2
In this Bill of Exceptions, defendant alleges that the trial court erred in accepting the second commission's report, that defendant was competent to stand trial, and entering it into the record when it was not timely filed. At the sanity hearing, the defense objection to the admission of the report was sustained by the court. The trial judge later ruled that defendant was competent to stand trial. Defendant argues that since the report was not admitted into evidence he was denied a resolution of the issue of his sanity by the jury. This argument lacks merit.
The defense of sanity at the time of the crime is a matter for the jury. Neither the rejection of the Commission's report, on defense objection, nor the ruling of the trial judge that the defendant was competent to stand trial precluded the defendant from offering evidence of defendant's mental condition as a defense at the trial. LSA-C.Cr.P. Arts. 651, 652; State v. Dowdy, 217 La. 773, 47 So.2d 496 (1950).
This Bill is without merit.

BILL OF EXCEPTIONS NO. 3
Defendant urges that the trial court erred in denying defendant's Motion to Quash based upon the general and petit jury venire being drawn, selected, and constituted by a method in which women are exempt from service unless they file written consent to serve with the Clerk of Court. See LSA-Const. Art. 7, § 41; LSA-C.Cr.P. Art. 402. This Court has often held that the jury selection method here attacked is valid. The question is now pending in the United States Supreme Court. See State v. Davis, 284 So.2d 896 (La.1973); State v. Womack, 283 So.2d 708 (La.1973).
This Bill is without merit.

BILL OF EXCEPTIONS NO. 4
This Bill was reserved to the denial of defendant's motion for a new trial based on the fact that two of the jurors took notes during the trial which they took with them into the jury room. Defendant alleges that this was a prejudicial error or defect not discoverable before the verdict or judgment. See LSA-C.Cr.P. Art. 851(4).
Defense counsel observed the jurors making notes; he mentioned this fact to the District Attorney; and he researched the point while the judge was charging the jury. By the exercise of reasonable diligence, *460 defense counsel could have made this fact known to the court. Hence, in our opinion, the complaint does not fall within Article 851(4) of the Louisiana Code of Criminal Procedure applying to prejudicial errors or defects not discovered before the verdict despite reasonable diligence.
LSA-C.Cr.P. Art. 793 provides:
"A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict."
The above article prohibits the reference to notes. Both jurors testified at the hearing on the motion for a new trial that neither had referred to the notes taken, nor had any of the other jurors referred to them. Hence, in any event, no prejudice resulted. See LSA-C.Cr.P. 921.
This Bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents with written reasons.
TATE, J., joins in BARHAM, J., dissent.
BARHAM, Justice (dissenting).
I cannot agree with the majority's disposition of defendant's Bill of Exceptions No. 1 with regard to that portion of the bill which alleges error in the trial court's refusal to allow defendant to change his plea from "not guilty and not guilty by reason of insanity" to "not guilty."
The majority note that the trial court concluded that the defendant's request for a change of plea was made to avoid the trip to the East Louisiana State Hospital for evaluation of his ability to stand trial and anticipated that the defendant would re-urge the double plea prior to trial. Noting that the Code of Criminal Procedure does not provide for a situation where a defendant would wish to change the dual plea to the single "not guilty" plea, the Court's opinion reviews the conditions set forth in C.Cr.P. Art. 561,[*] which provides for a plea change from "not guilty" to "not guilty and not guilty by reason of insanity," and concludes that disposition of the requested plea change should follow substantially the same rules. Since the request for a change of plea came two months after arraignment and since there was no adequate showing of good cause, the majority conclude that the trial court did not abuse its discretion in refusing to allow the change of plea and that no prejudice to the defendant resulted from its refusal.
R.S. 14:14, which appears in the Sub-Part of the Criminal Code entitled, "Culpability", provides:
"If the circumstances indicate that because of a mental disease or mental defect the offender was incapable of distinguishing between right and wrong with reference to the conduct in question, the offender shall be exempt from criminal responsibility."
Code of Criminal Procedure Article 652 provides:
"The defendant has the burden of establishing the defense of insanity at the *461 time of the offense by a preponderance of the evidence."
Thus, it is clear that a defendant who wishes to be exempted, by reason of his mental condition, from criminal responsibility for an act he has committed must come forward with evidence which will establish his mental condition.
The dual plea of "not guilty and not guilty by reason of insanity" is, in effect, an alternative plea. The second part of the plea, that dealing with the insanity issue, alternatively admits the criminal act but sets up the defense of insanity to avoid accountability under the criminal laws of the State. In a criminal prosecution, the burden of proving defendant's commission of a crime beyond a reasonable doubt is on the State and, under a general plea of "not guilty", the defendant is not required to present any evidence of his innocence but may instead rely on the presumption of innocence which exists until the State has established his guilt beyond a reasonable doubt. R.S. 15:271.
Where, as here, the defendant is required to proceed under an insanity plea, he is forced to confront a jury empanelled for the purpose of determining his guilt or innocence and present evidence in support of the insanity plea. He is thereby put in the dangerous position of apprising the jury that he alternatively admits the act but contends he is not guilty only because he was insane. He is required to give up his right to abstain from presenting a defense and require the State to prove his guilt beyond a reasonable doubt.
The evolution of the procedure for pleading the insanity defense itself belies the rationale of the majority in applying to this plea change situation the conditions set forth in C.Cr.P. Art. 561. The history of the method of pleading the insanity defense under Louisiana law is set forth in the Official Revision Comment to Article 552 of the Code of Criminal Procedure. Therein it is noted that Article 268 of the 1928 Code of Criminal Procedure required that the defense of insanity be filed, tried, and disposed of prior to a trial on the merits under a simple "not guilty" plea. (Prior to the 1928 Code, Louisiana had utilized the common law procedure of allowing the insanity defense, along with all other defenses on the merits, to be raised under a general plea of not guilty. See 18 La.L.Rev. 383, at 402 (1958)). Since the procedure contemplated two separate trials and required the empanelling of two juries, a procedure which proved practically impossible in smaller parishes where raising two separate venires was exceedingly difficult, the legislature in 1932 enacted a statute (Acts 1932, No. 136, amending C.Cr.P. Art. 267 (1928)) which deleted the requirement that the insanity plea be tried and resolved prior to trial. However, no change was made in the former C.Cr.P. Art. 261, which required insanity to be specially pleaded. Since, as a result of the 1932 enactment, no procedure for the disposition of the insanity plea was set forth, the present procedure for entering the dual plea and presenting the insanity defense along with all others emerged through judicial decisions. The Official Revision Comment to Article 561 of the present Code of Criminal Procedure notes that the requirement of the dual plea serves to put the State on notice that the defendant intends to rely on an insanity defense. Hence, the time limitation and discretionary provisions set forth in the change of plea article (C.Cr.P. Art. 561) prevent the defendant from surprising the State by urging the defense at a late date and/or causing delay in prosecution.
It is clear to me that the considerations which require a timely motion for a change of plea from the simple "not guilty" to the dual plea are not an issue when the request for a plea change involves only the abandonment of the "insanity" portion of a dual plea. The State is not prejudiced when such a motion is granted. Moreover, with regard to this particular case, the grounds upon which the *462 trial court denied the motion for a plea change (the court's belief that the request was made by defendant simply because he wished to avoid a trip to the mental hospital and its anticipation that the dual plea would be re-urged prior to trial) do not appear to have any concrete basis. Upon trial, defendant was placed in the very difficult position of presenting evidence to support an insanity defense which he did not wish to urge.
Under all the circumstances present here I am firmly of the opinion that the trial court's refusal to grant the motion for plea change constitutes reversible error.
I am further of the opinion that failure to grant defendant's motion to quash based on the exclusion of women from the various jury venires was error. See my dissents and concurrences in State v. Brown, 288 So.2d 339 (La. 1974), State v. Enloe, 276 So.2d 283 (La.1973), State v. Womack, 283 So.2d 708 (La.1973), and State v. Daniels, 262 La. 475, 263 So.2d 859 (1972).
For the above stated reasons, I respectfully dissent from the affirmance of defendant's conviction and sentence.

ON REHEARING
BARHAM, Justice.
Upon original hearing in this case we considered each of defendant's four bills of exceptions and, finding them to lack merit, affirmed his conviction and sentence. We granted a rehearing upon defendant's timely application and after re-examination of defendant's arguments relative to Bill of Exceptions No. 1 determined that the trial court did err in refusing to allow the defendant to change his plea from "not guilty and not guilty by reason of insanity" to "not guilty." Accordingly, it is our conclusion that defendant's conviction and sentence must be reversed.
During February of 1972 the defendant, represented by counsel, waived formal arraignment and entered a plea of "not guilty and not guilty by reason of insanity" to the charge of murder pending against him. At the same time defendant moved for the appointment of a sanity commission to determine his mental condition at the time of the offense and his capacity to proceed. The three private psychiatrists appointed by the court declined to serve and, on the State's motion and over defendant's objection, a second sanity commission was appointed on May 12, 1972. Thereupon the defendant reserved a bill of exceptions and moved for permission to withdraw his former plea of "not guilty and not guilty by reason of insanity" and enter a plea of "not guilty." This motion was denied by the trial court and a bill of exceptions was reserved by the defendant.
Under our statutory scheme delineating criminal culpability those persons who are incapable of distinguishing right from wrong at the time of the commission of a crime are exempt from criminal responsibility. La.R.S. 14:14 provides:
"If the circumstances indicate that because of a mental disease or mental defect the offender was incapable of distinguishing between right and wrong with reference to the conduct in question, the offender shall be exempt from criminal responsibility."
The burden of establishing by a preponderance of the evidence insanity at the time of the commission of an offense falls to the accused. La.C.Cr.P. art. 652. Thus, it is clear that a defendant who wishes to be exempted, by reason of his mental condition, from criminal responsibility for a criminal act must carry the burden of establishing insanity at the time of the commission of the offense.
Our law does not provide for the entry of the single plea of "not guilty by reason of insanity" but requires the entry of the dual plea. La.C.Cr.P. art. 552. The tendering of a plea of "not guilty *463 and not guilty by reason of insanity" is tantamount to an alternative admission of the criminal conduct. The entry of such a plea gives the State notice that the defendant intends to attempt to avoid the consequences of any criminal act he may be found to have committed by setting forth this plea of insanity. In addition, the entry of the dual plea provides the defendant with the opportunity to establish his insanity, i. e., his exemption from criminal culpability, in exchange for relinquishing the right to stand mute and require the State to prove guilt beyond a reasonable doubt in a trial upon a simple "not guilty" plea. Failure to go forward with evidence of insanity at the time of the commission of the offense after the entry of the dual plea would leave defendant in the position of having alternatively admitted the criminal conduct; the failure to assert the insanity defense to the charge against him would thereby effectively lessen the State's burden of proving guilt beyond a reasonable doubt. A defendant who is required to proceed under an insanity plea is thus put in a dangerous position of apprising the jury that he alternatively admits the commission of the offense but possesses a defense to the legal consequences.
This Court cannot approve the trial court's action in requiring the defendant to maintain such an untenable position when he desires to withdraw the insanity portion of the dual plea unless there is some overriding rationale for refusing a defense request to withdraw such a plea. The reason for La.C.Cr.P. art. 561's specific time limits within which a defendant may of right change a simple "not guilty" plea to the dual insanity plea is to give the State adequate notice of defendant's intention to advance the insanity defense and adequate time to prepare in the face of such a defense. See Official Revision Comment to La.C.Cr.P. art. 561. No such rationale is applicable in the reverse situation. When defendant seeks to withdraw the insanity portion of a dual plea and stand on a simple "not guilty" plea, no prejudice to the prosecution results. However, denial of a request for permission to withdraw the dual plea results in substantial prejudice to the defendant in a criminal prosecution. The defendant may withdraw the dual plea and substitute the single plea of "not guilty" at any time prior to the presentment of the indictment and defendant's responsive plea to the jury.
For the aforementioned reasons, the defendant's conviction and sentence are reversed.
SANDERS, C. J., dissents, adhering to the views expressed on original hearing.
SUMMERS, J., dissents for the reasons assigned.
SUMMERS, Justice (dissenting).
Defendant James A. Clark, Jr., was indicted for murder. With the advice of retained counsel, on February 11, 1972, he entered a plea of "not guilty and not guilty by reason of insanity" in accordance with Article 552 of the Code of Criminal Procedure. Counsel then moved upon the authority of Articles 644 and 650 of the Code of Criminal Procedure to have a sanity commission appointed to determine defendant's present sanity and sanity at the time of the alleged offense.
Pursuant to this motion, a commission of three psychiatrists was appointed. They all decline to serve, however, and the State moved that the commission be dissolved and a new one formed. This motion was objected to, and a hearing was held to determine the propriety of appointing a second commission. As a result, the first commission was dissolved and a new one appointed to investigate defendant's present sanity reserving to defendant the right to be examined by doctors of his choice.
*464 By the terms of this order defendant was to be transported by the sheriff to East Louisiana State Hospital at Jackson for examination by psychiatrists there. No evidence having been produced to rebut the presumption of sanity, the trial judge did not authorize the commission to determine defendant's mental condition at the time of the commission of the offense.
On May 12, 1973 a verbal motion was made on behalf of defendant to withdraw his former plea of "not guilty and not guilty by reason of insanity" and to enter only a plea of "not guilty". The motion was denied and Bill of Exceptions No. 1 was reserved to the ruling which is the subject of this rehearing.
The sole issue is whether the trial judge abused his discretion in refusing to permit the withdrawal of the "not guilty by reason of insanity" portion of the dual plea.
In his per curiam to the bill the trial judge explained that in his opinion the accused moved to withdraw the "not guilty by reason of insanity" portion of his dual plea in an effort to avoid being sent to East Louisiana State Hospital in Jackson to undergo examination. In the judge's opinion, if defendant had succeeded in that tactic, the insanity plea would have been reurged at the trial.
Counsel for defendant asserts that the "not guilty by reason of insanity" portion of his plea admits the commission of the act with which he is charged but asserts insanity as a defense. And to refuse to permit him to withdraw such a plea is an abuse of discretion.
This argument has no merit. To begin with, the plea of "not guilty and not guilty by reason of insanity" is not necessarily an alternative plea. It is just as well a conjunctive plea giving two grounds for acquittal, either of which standing alone is sufficient. The plea does not admit the criminal act. In fact, a plea of "not guilty by reason of insanity" standing alone is not authorized by law. Such a plea must be accompanied by a plea of not guilty. And the accused is under no obligation to go forward with proof of insanity under the dual plea. Proof of his innocence otherwise would make this unnecessary.
There is no specific legislation or rule of law requiring that the judge permit the withdrawal of the plea. In the opinion of the trial judge the motion involved a defense tactic designed to circumvent the court's order requiring that defendant be transported to the hospital in Jackson for examination. The judge's ruling, under the circumstances, was necessary to the orderly conduct of the trial proceedings. No showing of any kind is made, and surely no "good cause" is shown, to support the motion except the conjecture of counsel that the jury would be prejudiced by retention of the plea. In my view this is the kind of ruling in which the discretion of the trial judge is entitled to great weight. It is an area in which he should be accorded considerable leeway. The absence of legislation on the subject implies as much.
Nor do I find merit to the argument that the defendant was denied the opportunity to prove insanity. To the contrary, defendant did in fact have ample opportunity to prove insanity. He attempted to do so by using a member of the sanity commission as a witness. In addition, he was at liberty to obtain his own experts to establish insanity, and he was so advised by the trial judge. He did not do so. He was, therefore, not denied the opportunity to prove insanity.
Furthermore, the ruling did not involve a miscarriage of justice. According to the record the victim had received nine gunshot wounds resulting in her death. Defendant defended on the ground that, although *465 he did shoot and kill the victim, he performed the act as a "mercy killing" after the victim begged him to end her extreme pain and suffering as a result of three self-inflicted gunshot wounds in the abdomen. Obviously, the possibility that the victim inflicted three gunshot wounds upon herself after which defendant inflicted the remaining six gunshot wounds of the nine found in the victim's body was not acceptable to the jury. The jury most probably believed, and logically so, that defendant shot the victim nine times in cold blood. This defense, admitting the shooting, makes the argument that he was compelled to admit the act under the insanity plea entirely groundless, for he did admit the shooting as part of his planned defense.
No substantial right of the accused was violated. At all times he was permitted full freedom to assert all defenses, and no meritorious bill has been reserved to the conduct of the trial.
Finally the ruling did not involve the violation of a constitutional or statutory right. As already noted, no positive law governs this situation, and the ruling was fully justified under the circumstances as a sound exercise of discretion by the trial judge.
The basic concept of appellate review requires a violation of one or more of the foregoing. None having been shown, no reversal should be granted. La.Code Crim. Proc. art. 921. After all is said and done, when I am sure, as I am here, that the ruling did not influence the jury, or had but very slight effect, the verdict and judgment should stand, except perhaps where the departure is from a statutory or constitutional norm. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed 1557 (1946).
I respectfully dissent from the opinion of the majority on rehearing.
NOTES
[*] C.Cr.P. Art. 561 provides:

"The defendant may withdraw a plea of `not guilty' and enter a plea of `not guilty and not guilty by reason of insanity,' within ten days after arraignment. Thereafter, the court may, for good cause shown, allow such a change of plea at any time before the commencement of the trial.