526 So.2d 851 (1988)
Emmett SPOONER
v.
WEST BATON ROUGE PARISH SCHOOL BOARD, et al.
No. CA 87 0393.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
Milton Osborne, Jr., Baton Rouge, for plaintiff-appellant Emmett Spooner.
Charles L. Patin, Baton Rouge, for defendant-appellee State of La., et al.
T. Barry Wilkinson, Plaquemine, for defendant-appellee West Baton Rouge Parish.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Plaintiff, Emmett Spooner, filed this suit for declaratory judgment as to the unconstitutionality of La.R.S. 42:1411 (as amended by Act 994 of 1985) and to enjoin the defendants, the West Baton Rouge Parish School Board (School Board), the Governor, the Attorney General and the Secretary of State, from suspending him as a member of the School Board under La.R.S. 42:1411. Plaintiff has appealed to this court from the District Court's ruling against the issuance of an injunction and in favor of the constitutionality of La.R.S. 42:1411.

FACTS
The facts of the case, as stipulated by the parties and included in the trial judge's oral reasons for judgment, are the following.
On or about September 27, 1985, plaintiff was a member of the School Board. He was convicted on September 27, 1985, of violating La.R.S. 14:27 and 72, attempted forgery (a felony under Louisiana law); the conviction is presently on appeal.
On September 27, 1986, plaintiff was re-elected to the School Board for a term commencing January 1, 1987. On December 19, 1986, a letter[1] was served upon plaintiff regarding the School Board's intention *852 to recognize and continue his suspension into his new term of office under La.R.S. 42:1411(B).
Plaintiff filed suit on January 7, 1987, to enjoin the suspension and have La.R.S. 42:1411 declared unconstitutional. Defendants filed several exceptions, and the matter was heard and decided adversely to plaintiff on January 20, 1987. Plaintiff then sought this appeal.
ASSIGNMENTS OF ERROR
On appeal, plaintiff alleges the following trial court errors:
(1) The trial court erred in finding that La.R.S. 42:1411 is constitutional.
(2) The trial court erred in finding that La.R.S. 42:1411 should apply to plaintiff.
(3) The trial court erred in not ordering that plaintiff be allowed to serve out his term as a member of the School Board.
CONSTITUTIONALITY OF LA.R.S. 42:1411
Plaintiff takes the position that La.R.S. 42:1411 is unconstitutional because it provides a method of removal from public office which is not provided for in the Louisiana Constitution of 1974.
The Louisiana Constitution of 1974, Art. 10, §§ 24, 25 and 26 provide the methods of effecting a removal of public officials from office. Those methods are impeachment,[2] removal by suit[3] and recall[4]. The provision which is pertinent to this case is § 25, removal by suit.
Plaintiff argues that the suspension provided for in La.R.S. 42:1411[5] is a method of temporary removal other than by suit, impeachment or recall election, and *853 therefore, it violates the exclusive methods of removal outlined in the 1974 Constitution. Plaintiff fails to recognize that Art. 10, § 25 of the 1974 Constitution expressly gives the legislature permission to enact general laws for the removal by suit of public officials (except the governor, lieutenant governor and judges of the courts of record). By enacting La.R.S. 42:1411 and 1412,[6] the legislature provided general laws for the removal of public officers convicted of a felony during their term of *854 office. The provisions of La.R.S. 42:1411 and 1412 are in no way repugnant to any of the said Constitutional sections. The Constitutional means of removing officers are not exclusive, and the legislature was not inhibited from adopting La.R.S. 42:1411 and 1412 (a two-step removal process of automatic suspension pending appeal followed by suit for removal after the felony conviction is final). Compare Pinder v. Board of Supervisors of Election of Calcasieu Parish, 146 So. 715 (La.App. 1st Cir.1933), holding that the recall election statute, (now La.R.S. 18:1300.1) is not unconstitutional; and Troxler v. Mongrue, 175 So.2d 309 (La.App. 4th Cir.1965), writ refused, 248 La. 361, 178 So.2d 654 (1965), holding that a statute giving certain removal powers to the governor (La.R.S. 42:4) is not unconstitutional.
We hold that La.R.S. 42:1411 is not unconstitutional as contrary to the methods provided by the 1974 Constitution for removal of public officers from office. We also hold that plaintiff's rights of substantive and procedural due process and equal protection of the laws have not been violated. Plaintiff was afforded all the constitutional safeguards of a judicial determination of guilt of a felony; and the state has a legitimate reason for suspending a convicted felon from public office to protect the public who has placed their trust in the officer. Accordingly, plaintiff's first assignment of error is without merit.
APPLICATION OF LA.R.S. 42:1411
Plaintiff argues that La.R.S. 42:1411 should not apply to him because he was convicted of the felony during his past term and not during his new term of office. We feel it is immaterial during which term of office plaintiff was convicted. La.R.S. 42:1411 was intended to suspend an unworthy officer while in office, irrespective of the fact whether the act complained of was committed during his first or a subsequent term. The great weight of authority in Louisiana is that an act in a prior term of office may furnish grounds for removal during a subsequent term. Ponds v. Treen, 407 So.2d 671 (La.1981). Accordingly, plaintiff's second assignment of error is without merit, and discussion of plaintiff's third assignment of error is not necessary.

CONCLUSION
For the foregoing reasons, we find the District Court did not err in dismissing plaintiff's petition for declaratory judgment and injunctive relief. Therefore, the judgment of the District Court is affirmed; plaintiff to pay all costs.
AFFIRMED.
NOTES
[1] The letter to plaintiff from the district attorney for the Parish of West Baton Rouge states in pertinent part:

"You were recently re-elected to a position on the West Rouge Parish School Board representing Election District V. You are currently scheduled to assume your new position effective January 1, 1987. However, you were convicted of a felony under Louisiana law in Iberville Parish on September 27, 1985.
"Act 994 of the 1985 Regular Session of the Louisiana Legislature was signed by the Governor on July 23, 1985 and became effective on September 6, 1985. Act 994 requires that a public official who is convicted of a felony shall be suspended without compensation until all appeals have been exhausted. The act also provides for the appointment of a replacement during your period of suspension.
"The West Baton Rouge Parish School Board has previously recognized this suspension during your prior term of office which expires December 31, 1986. Please be advised that the West Baton Rouge Parish School Board intends to recognize your suspension from serving on the West Baton Rouge Parish School Board effective January 1, 1987 and thereafter until you have exhausted all appeals from your conviction in Iberville Parish on September 27, 1985. The Board intends to name a replacement for you at its first regularly scheduled meeting after January 1, 1987, said meeting to occur on January 21, 1987. You will not be permitted to take your seat at this meeting or any meeting thereafter until your appeals have been exhausted. If you have any questions or need further elaboration, please do not hesitate to contact me through your attorney who I have notified by carbon copy of this letter."
[2] La. Const., art. X, § 24 provides:

Impeachment
Section 24. (A) Persons Liable. A state or district official, whether elected or appointed, shall be liable to impeachment for commission or conviction, during his term of office of a felony or for malfeasance or gross misconduct while in such office.
(B) Procedure. Impeachment shall be by the House of Representatives and trial by the Senate, with senators under oath or affirmation for the trial. The concurrence of two-thirds of the elected senators shall be necessary to convict. The Senate may try an impeachment whether or not the House is in session and may adjourn when it deems proper. Conviction upon impeachment shall result in immediate removal from office. Nothing herein shall prevent other action, prosecution, or punishment authorized by law.
[3] La. Const., art. X, § 25 provides:

Removal by Suit; Officials Subject
Section 25. For the causes enumerated in Paragraph (A) of Section 24 of this Article, the legislature shall provide by general law for the removal by suit of any state, district, parochial, ward, or municipal official except the governor, lieutenant governor, and judges of the courts of record.
[4] La. Const., art. X, § 26 provides:

Recall
Section 26. The legislature shall provide by general law for the recall by election of any state, district, parochial, ward, or municipal official except judges of the courts of record. The sole issue at a recall election shall be whether the official shall be recalled.
[5] La.R.S. 42:1411 provides:

Public officer; ground for removal; suspension; definitions
A. A public officer shall be removed from office for conviction, during his term of office, of a felony.
B. The conviction for a felony of a public officer shall automatically suspend that individual from his public office without compensation. The suspension from public office without compensation shall continue until the conviction is final and all appellate review of the original trial court proceedings is exhausted. During the period of suspension, the public official shall not perform any official act, duty, or function nor shall he receive any compensation, pay, allowance, emolument, or privilege of his office. If the conviction is reversed on appeal, the public official shall be entitled to and shall receive full back pay with legal interest thereon from the date of suspension, compensation, and all rights, duties, powers, allowances, emoluments, and privileges of office to which would have been entitled had he not been suspended.
C. During this period of suspension, another person shall be appointed to perform the official acts, duties and functions of that office during the period of suspension. Any person appointed to perform these official acts, duties, and functions shall serve in his appointed capacity until the conviction of the public official is reversed on appeal or until expiration of the term of office of the suspended public official, whichever occurs first. Every person appointed under the provisions of this Section shall receive the same pay, compensation, allowances, emoluments, and privileges of the office to which he is appointed as the suspended public official received prior to his suspension.
D. No person appointed under the provisions of this Section shall be eligible in the next election as a candidate for the office to which he is appointed.
E. Except as provided in this Subsection, if any public official except the governor or lieutenant governor is suspended under the provisions of this Section, the governor shall appoint another person to perform the official acts, duties and functions of that office during the period of suspension. If the public official suspended under the provisions of this Section is a statewide elected official, other than the governor or lieutenant governor, the first assistant appointed under the provisions of Art. IV, Section 13 of the Constitution of Louisiana shall serve in the position during the period of suspension. Notwithstanding any provision to the contrary in this Section, if the public official suspended is a member of the legislature, no other person shall be appointed under the provisions of this Section to perform any official act, duty, or function of the suspended legislator. If the public official is a member of a parish or municipal governing authority, or combination thereof, or a mayor or any other local or municipal office, except as provided in this Subsection, the governing authority of the local governmental subdivision where the vacancy occurs shall appoint a person to perform the official acts, duties and functions of the person suspended. If the official suspended is a member of a city or parish school board, the remaining members of the school board shall appoint the person to perform the official acts, duties and functions of the person suspended. If the person suspended is a district attorney, clerk of a district court, coroner, sheriff, or tax assessor, then his first assistantor deputy shall perform his official acts, duties and functions as provided in R.S. 18:602(C).
F. Any person appointed to perform the official acts, duties and functions of a public official suspended under the provisions of this Section shall have the same qualifications required by law to hold the office as the public official under suspension and he shall post any bond as may be required by law for that office.
G. For purposes of this Chapter, the term "felony" includes both a felony under the laws of this state and a felony under the laws of the United States. For purposes of this Chapter, the term "public officer" means any person holding a public office, whether state, district, parochial, ward, or municipal, whether the person is elected or appointed except judges of the courts of record.
[6] La.R.S. 42:1412 provides:

Method for removal
A. For conviction of a felony any public officer shall be removed by judgment of the district court of the district in which he is domiciled. The district attorney of that judicial district shall institute the suit within ten days after the conviction is final and all appellate review of the original trial court proceedings is exhausted. Suits against the attorney general shall be brought in the Nineteenth Judicial District by the district attorney of that district, and suits against a district attorney shall be brought by the attorney general.
B. An action instituted pursuant to R.S. 42:1411 and R.S. 42:1412 is civil in nature; shall be prosecuted in accordance with the provisions of the Louisiana Code of Civil Procedure, except as otherwise provided in this Section; and shall be tried by preference over all other matters in a summary proceeding.
C. A hearing on the petition for removal shall be held not more than twenty days after service upon the public officer whose removal is sought. Judgment shall be rendered in the matter within ten days after the removal hearing. Within five days after the signing of the judgment, either party may appeal suspensively by obtaining an order of appeal and posting bond for a sum fixed by the court to secure the payment of costs. The trial judge shall fix the return day at a time not to exceed five days after the granting of the order of appeal. An application to the supreme court for a writ of certiorari may be made only within three days after the signing of judgment by the court of appeal. Each appellate court to which the action is brought shall place the matter on its preferential docket, shall hear it without delay, and shall render a decision within ten days after oral argument. The granting of an order of appeal or writ of certiorari suspends the effect of the judgment during the pendency of such proceedings.
D. Notwithstanding any law to the contrary, an appeal of felony conviction in a state court of a public officer shall be given preference over other criminal appeals.