|2KUHN, Judge.
The plaintiff, Lynn E. Williams, appeals the trial court’s judgment granting the peremptory exceptions which raise the objections of no cause and no right of action filed by the defendant, the Board of Trustees for the Employees’ Retirement System of the Parish of East Baton Rouge and the City of Baton Rouge (Board), and which resulted in the dismissal of his lawsuit. In his suit, Williams appealed the Board’s denial of his application for disability retirement benefits and sought a declaratory judgment to determine his rights under the retirement system.
Williams became Parish Attorney for the Parish of East Baton Rouge and the City of Baton Rouge (City-Parish) on February 7, 1980. During his employment, mandatory contributions to the employees’ retirement system were deducted from his compensation. On September 16, 1992, Williams was convicted of three felonies in the United States District Court for the Southern District of Mississippi. He resigned from his position as Parish Attorney on November 23, 1992, but before resigning, he applied for disability retirement benefits, which were denied by the Board.[2]
In support of its peremptory exceptions raising the objections of no cause of action and no right of action, the Board relied upon La.R.S. 42:1411, which states in pertinent part:
A. A public officer shall be removed from office for conviction, during his term of office, of a felony.
*1339 B. The conviction for a felony of a public officer shall automatically suspend that individual from his public office without compensation. The suspension from public office without compensation shall continue until the conviction is final and all appellate review of the original trial court proceedings is exhausted. During the period of suspension, the public official shall not perform any official act, duty, or function nor shall he |3receive any compensation, pay, allowance, emolument, or privilege of his office. If the conviction is reversed on appeal, the public official shall be entitled to and shall receive full back pay with legal interest thereon from the date of suspension, compensation, and all rights, duties, powers, allowances, emoluments, and privileges of office to which he would have been entitled had he not been suspended.
The trial court found that La.R.S. 42:1411 applied because Williams was a public officer, and that under the statute, he was automatically suspended from his office; therefore, when Williams applied for disability retirement benefits, he was not a member of the retirement system and had no standing or right of action. On appeal, Williams contends that he was not a public officer, and in the alternative, that if he was a public officer, La.R.S. 42:1411 cannot be constitutionally applied to the City-Parish. He also contends that his receipt of disability retirement is not an emolument of office, but a vested right.
Initially, we note that the trial court, in applying La.R.S. 42:1411, found that Williams was not a member of the retirement system as required by the ordinances governing the system.[3] However, the Board alone has the right to determine who is a member of the system (Code of Ordinances of the City of Baton Rouge and 14East Baton Rouge Parish, Louisiana § 1:251[4]). Contrary to the representations at oral argument of Robert Klausner, counsel for the Board, the Board’s minutes do not state that it denied the benefits because Williams was not a member. Therefore, the record does not support the trial court’s upholding the denial of benefits on this basis, nor did the trial court have the right to determine that Williams was not a member as this determination is made by the Board. Id. Accordingly, we should determine whether the trial court was correct in sustaining the exceptions based upon La.R.S. 42:1411 on other grounds.
The threshold issue is whether Williams was a public officer. La.R.S. 42:1411(G) defines a public officer as “any person holding a public office, whether state, district, parochial, ward, or municipal, whether the person is elected or appointed except judges of the courts of record.” La.R.S. 42:1 defines “public office” as “any state, district, parish or municipal office, elective or appointive, or any position as member on a board or com *1340 mission, elective or appointive, when the office or position is established by the constitution or laws of this state.”
This court has set forth a test based on La.R.S. 42:1 to determine if an individual is a public officer: If the individual acts as an agent of the state and exercises a portion of the sovereign power or if the office occupied involves a large degree of independence in which the individual is not under the direct supervision and control of an employer, then the individual is a public officer. State v. Haltom, 462 So.2d 662 (La.App. 1st Cir. 1984).
Section 11.01 of Chapter 11 of the Plan of Government of the | 5Parish of East Baton Rouge and the City of Baton Rouge establishing the office of Parish Attorney states that the Parish Attorney is to be appointed by the Metropolitan Council for an indefinite term. They are to appoint Assistant Parish Attorneys as may be authorized. The Parish Attorney is the legal advisor of the Council, the Mayor-President, and all departments, offices, and agencies appointed by or under the jurisdiction of the Council or Mayor-President and he is to furnish to them on request a written opinion on any question of law involving their official powers and duties. At the request of the Mayor-President or any Council member, the Parish Attorney is to prepare ordinances and resolutions for introduction. He is to draw or approve all bonds, deeds, leases, contracts or other instruments whenever the Parish, City, or any district the Council governs, is a party or has an interest. The Parish Attorney is to represent the Parish, the City and any district which the Council governs in all civil litigation. He also represents the City in the prosecution of all ordinance violations in City Court, except that he has no authority to nolle prosequi. Additionally, he represents both the parish and the city in any criminal case in which the constitutionality or the validity of any ordinance or resolution of the Council is at issue. Finally, he is to appoint and remove all employees of his office.
While Williams did not act as an agent of the state exercising a portion of its sovereign power, his office did enjoy a large degree of independence in which he was not under the direct control and supervision of his employer, the Metropolitan Council. While the Council had the authority to request a written opinion on any question of law involving its official duties and to request Williams to prepare ordinances and resolutions, the remainder of Williams’ duties were not subject to the Council’s control. Williams contends that the Council exercised direct control because the provision creating the Parish Attorney position specifically details the responsibilities and limitations of the Parish Attorney’s job. We disagree. The enumeration of the duties of the Parish Attorney in the provision creating the position does not 16grant the Metropolitan Council the authority to exercise control over those duties.
Williams additionally argues that the lack of authority to nolle prosequi demonstrates that the Parish Attorney was under the Council’s control. This contention is without merit. During the time Williams was the Parish Attorney, the Attorney General for the State of Louisiana issued an opinion holding that the City-Parish’s Plan of Government unconstitutionally deprived the Parish Attorney of his absolute right to nolle prose-qui a criminal charge. La.Atty.Gen. Op. No. 7-48-1008 (1985). Accordingly, we conclude that the trial court did not err in its determination that Williams was a public officer.
also reject Williams’ contention that La.R.S. 42:1411 was unconstitutionally applied because it improperly interferes with a home rule jurisdiction. Article VI, section 6 of the Louisiana Constitution provides that “[t]he legislature shall enact no law the effect of which changes or affects the structure and organization or the particular distribution and redistribution of the powers and func-funcof any local governmental subdivision which operates under a home rule charter.” However, under Article VI, section 9(B) of the Louisiana Constitution, the legislature never surrenders the police power of the state, and it cannot be abridged by local government. The subject of the statute at *1341 issue is a matter of statewide concern and is rightfully amenable to regulation by the state within its police power. In sustaining the constitutionality of La.R.S. 42:1411, this court reasoned that the state’s legitimate interest in suspending a convicted felon from public office is to protect the public which has placed its trust in that officer. Spooner v. West Baton Rouge Parish School Board, 526 So.2d 851, 854 (La.App. 1st Cir.), writ denied, 531 So.2d 479 (La.1988).
Finally, Williams contends that La. R.S. 42:1411 is not applicable because his retirement benefits are not an emolument of his office. La.R.S. 42:1411 provides that during the period of suspension, the public official shall not “receive any ^compensation, pay, allowance, emolument, or privilege of his office.” Williams’ disability retirement benefits are encompassed within this list. See Noya v. Department of Fire, 611 So.2d 746 (La.App. 4th Cir.1992). Accordingly, we reject Williams’ contention that the Board dispossessed him of a vested right. The disability retirement benefits are distinguishable from the mandatory contributions Williams made into the retirement system.[5]
Based on the foregoing reasons, the trial court’s judgment is affirmed. All costs of this appeal are assessed to Williams.
AFFIRMED.

. The Board's minutes show that the Board denied Williams' application for disability retirement benefits without prejudice to consider the medical issues if Williams' conviction was overturned and authorized the Disability Review Committee to take whatever action was necessary to obtain an additional medical opinion. We note that Williams' conviction was affirmed on appeal. U.S. v. Williams, (5th Cir.1994), 12 F.3d 452.

. The Code of Ordinances provides the following regarding disability retirement benefits:
2. Ordinary disability requirement: Member may receive a service retirement allowance if eligible therefor, otherwise, providing member has a minimum of ten (10) years of creditable service, a disability retirement allowance which shall consist of a benefit equal to two and one-half (2½) percent of his average compensation multiplied by the number of years of service with a minimum of fifty (50) percent. ...
3. Requests for disability retirements will be presented to the board for approval upon written application of a member, along with a report from member’s physician, and providing that the Board's physician shall certify that the member is mentally or physically totally incapacitated for the further performance of the .duty ..., that such incapacity is likely to be permanent, and that the member should be retired....
Code of Ordinances of the City of Baton Rouge and East Baton Rouge Parish, Louisiana §§ 1:264B(2), 1:264B(3).

. A member of the retirement system is any person who is “a regular employee of the city-parish” and membership ceases "when the member ceases to be an employee; except in the case provided in section 1:266B and C [accumulated contributions following termination of employment].” Code of Ordinances of the City of Baton Rouge and East Baton Rouge Parish, Louisiana § 1:254. An "employee" is "any officer or employee who is regularly employed by the city-parish. In all cases of doubt the board of trustees shall have authority to decide who is an employee within the meaning of this section and this decision shall be final.” Code of Ordinances of the City of Baton Rouge and East Baton Rouge Parish, Louisiana § 1:251.

. According to section 1:266A of the Code of Ordinances of the City of Baton Rouge and East Baton Rouge Parish, Louisiana, "Whenever a member ceases to be an employee, but does not retire, he shall be entitled, upon his demand, to receive from the system a sum equal to his accumulated contributions without interest."