[iPETERS, Judge.
This appeal arises out of a suit for writ of mandamus by J. Winston Ardoin seeking recognition as the city attorney for the City of Eunice until a replacement is approved according to law.[1] Named as defendant is Hubert “Kutch” Rougeau, the mayor of Eunice. The trial court rendered judgment ordering Mayor Rougeau to recognize Mr. Ar-doin as the current city attorney for Eunice until a successor is properly appointed by the mayor with the concurrence or approval of the board of aldermen. Mayor Rougeau has appealed the trial court’s ruling.
DISCUSSION OF RECORD
The City of Eunice is governed by the mayor-board of aldermen form of ^government. Thus, it is a Lawrason Act municipality governed by the provisions of La.R.S. 38:321 et seq. In 1981, Mr. Ardoin was appointed as city attorney for Eunice by Mayor Curtis J. Joubert. This appointment was approved by the board of aldermen. He continued to serve in that capacity through December 31, 1994, at which time Mayor Joubert left office.
On January 1, 1995, Mayor Rougeau assumed office as the mayor of the City of Eunice and immediately concluded that the city attorney position was vacant as of that date. He advised the city treasurer not to provide Mr. Ardoin with a salary cheek, insurance benefits, or retirement benefits. However, Mayor Rougeau did not obtain the approval of the board of .aldermen for this action, and when he recommended to the board of aldermen that another attorney, Mike Matt, be appointed city attorney, that recommendation was rejected by a vote of four to one. This suit for mandamus followed.
OPINION
The trial court found that Mr. Ar-doin is a public officer as defined in Title 42 of the Revised Statutes and is entitled to maintain his office until his successor is chosen. Mayor Rougeau contends on appeal that the trial court erred in reaching this conclusion.
La.R.S. 42:1 defines a public office and a public officer as follows:
As used in this title, the term “public office” means any state, district, parish or municipal office, elective or appointive, or any position as [sic] member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
“Public officer” is any person holding a public office in this state.
Under La.R.S. 42:2, a public officer, except in case of impeachment or suspension, shall continue to discharge the duties of his office until a successor is inducted into office.
18Mayor Rougeau asserts that the public officers of a Lawrason Act municipality are limited to those specified in La.R.S. 33:381(A), which provides:
The officers of every municipality shall be a mayor, aldermen, a chief of police, a tax collector, a clerk, and a street commissioner.
Since the position of city attorney is not listed in La.R.S. 33:381(A), Mayor Rougeau argues that Mr. Ardoin clearly is not a public officer as defined by La.R.S. 42:1. We disagree and hold that the trial court was correct in determining that Mr. Ardoin was a public officer.
While La.R.S. 33:381(A) does identify certain officers of a Lawrason Act municipality, we do not find that the list is exhaustive. Specifically, the power to appoint other municipal officers is found in La.R.S. 33:386(A), which provides in part:
*443 At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk, tax collector, and all other necessary officers whose election is not provided for in R.S. 33:381. In the event of a vacancy, the mayor, subject to confirmation by the board of aldermen, shall appoint a successor to any such office. (Emphasis added).
Although the municipal attorney is not specifically named in La.R.S. 83:386(A), the authority to appoint a municipal attorney is provided in La.R.S. 33:386(C), which reads as follows:
The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by R.S. 33:381(A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require. (Emphasis added).
Additionally, La.R.S. 33:404 recognizes a distinction between the mayor’s power to Lappoint and remove a municipal attorney and his power to do the same with the average municipal employee. That statute provides in part:
A. The mayor shall have the following powers, duties, and responsibilities:
[[Image here]]
(3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a nonelected chief of police, the municipal clerk, the municipal attorney, or any department head, shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. (Emphasis added).
We note that the municipal attorney is given the same consideration as that of the non-elected chief of police and the municipal clerk, both municipal officers under La.R.S. 33:381(A).
As previously noted, the authority to appoint a municipal attorney arises under La. R.S. 33:386. Prior to Acts 1978, No. 214, § 1, the title of La.R.S. 33:386 read: “Appointment of clerk, street commissioner, tax collector and city attorney; bond required.” By that Act, the title was amended to read: “Appointment of municipal officials; bond required.” Additionally, Chapter 3 of Title 33 is entitled “PUBLIC OFFICERS.” Part V of Chapter 3 is entitled “MUNICIPAL OFFICERS.” Subpart B of Part V of Chapter 3 is entitled “PARTICULAR OFFICERS.” Within that subpart is found La.R.S. 33:1811, which reads:
Except where otherwise specially provided, a municipality shall have no more than one municipal attorney and no more than three assistant municipal attorneys.
We recognize that the title of a statute is not a part of the statute. However, when a doubt exists as to the proper interpretation of a statute, the title or preamble may be used to determine the legislative intent. Louisiana Assoc. Gen. Contractors, Inc. v. Calcasieu Parish Sch. Bd., 586 So.2d 1354 (La.1991); Green v. Louisiana Underwriters Ins. Co., 571 So.2d 610 (La.1990). We conclude that it was the legislative intent to establish the position of municipal attorney as a public office. We disagree with Thalheim v. City of Gretna, 17 La.App. 657, 136 So. 184 (Orl.1931) to the extent that it may be in conflict with our holding in the instant case.
The jurisprudential test for determining whether an individual is a public officer under La.R.S. 42:1 or an employee supplies additional support for the conclusion that a municipal attorney is a public officer. This court set forth that test in Cloud v. State, 420 So.2d 1259 (La.App. 3 Cir.), writs denied, 423 So.2d 1166, 1167 (La.1982), which was recently restated in Williams v. Board of Trustees for the Employees’ Retirement Sys., Parish of E. Baton Rouge, 94-1024, p. 4 (La.App. 1 Cir. 4/7/95); 653 So.2d 1337, 1340, vacated on *444 other grounds, 95-1127 (La. 6/30/95); 657 So.2d 1307, as follows:
If the individual acts as an agent of the state and exercises a portion of the sovereign power or if the office occupied involves a large degree of independence in which the individual is not under the direct supervision and control of an employer, then the individual is a public officer. State v. Haltom, 462 So.2d 662 (La.App. 1st Cir.1984).
The court in Cloud concluded that a parish deputy coroner met the test and was a public officer. In Williams, a parish attorney was recognized as a public officer. In Haltom, the court found that a parish road superintendent was not a public officer because he was subject to the supervision and control of the police jury.
The position of municipal attorney is established in La.R.S. 33:386(C). A municipal attorney, in performing his duties, is not under the direct supervision and control of an employer. Thus, we conclude that an individual .holding the position of municipal attorney is a public officer and may continue to discharge the duties of the office until his successor is inducted into office.
|6The mayor argues that, even assuming Mr. Ardoin is a public officer, under La.R.S. 42:3, his term of office expired with the term of office of the mayor appointing him. That statute provides in pertinent part as follows:
The term of office of all employees or officials elected by any state, district, parochial or municipal board shall not be for a longer period of time than the term of office of the membership of the board electing them so that each respective board shall elect its own officers and employees.
However, Mr. Ardoin was not elected by a board. Rather, he was appointed by the mayor and approved by the board of aider-men pursuant to La.R.S. 33:386(C) and La. R.S. 33:404(A)(3). In any event, we do not find that La.R.S. 42:3 conflicts with La.R.S. 42:2 which provides that a public officer shall remain in office until his successor is inducted into office.
Mayor Rougeau also argues that the trial court circumvented the Lawrason Act by allowing the board of aldermen to “appoint” Mr. Ardoin by failing to concur in the appointment of any attorney other than Mr. Ardoin. We reject this argument. Initially, we note that the record discloses the board’s rejection of only one such appointment, Mike Matt. Additionally, as set forth in La.R.S. 33:404(A)(3), it is within the province of the board of aldermen to approve or reject the appointment or removal of a city attorney.
Thus, we affirm the trial court’s order directing Mayor Rougeau to recognize Mr. Ardoin as the current city attorney for the City of Eunice until a successor is properly appointed by the mayor and approved by the board of aldermen.
DISPOSITION
For the foregoing reasons, we affirm the judgment of the trial court. We assess costs of this appeal to Mayor Rougeau.
AFFIRMED.

. It appears that the mayor filed a motion for declaratory judgment, but that motion is not in the record. Various other pleadings were filed in this matter, including an intervention by the Eunice Board of Aldermen and I. Jackson Bur-son, Jr., a taxpayer and resident of Eunice and an alderman-at-large. However, we will consider only those issues properly before us on appeal.