Dear Representative Smith:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointment by the Mayor of the Town of Erath of an administrative assistant, and appointment by the Board of Aldermen of a Superintendent of Public Works. The Board of Aldermen has neither approved an allocation in the budget to pay for the salary of the administrative assistant nor has his duties been defined. The administrative assistant would only be answerable to the Mayor. In this regard you ask as follows:
 Does the Mayor of the Town of Erath have the authority to appoint an administrative assistant without approval of the Board of Aldermen inasmuch as the Board of Aldermen has not made an allocation in the budget to pay for the salary/wages of the administrative assistant and the duties of the assistant are not defined?
 Is the Mayor in violation of the State Budget Act and/or Lawrason Act?
 Can this act by the Mayor be considered malfeasance in office?
You additionally ask the following question:
 Would the Board of Aldermen of Erath be within their legal rights to create the position of Superintendent of Public Works and then amend the budget to pay the salary/ wages of this Superintendent. The Board of Aldermen would then appoint someone to fill this position without the Mayor's appointment as a position under the Board of Aldermen's appointments?
We note that R.S. 33:386 provides in part as follows:
 A. At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor, subject to confirmation of the board of aldermen, shall appoint a clerk, tax collector, except as provided in R.S. 33:381(D), and all other necessary officers whose election is not provided for in R.S. 33:381. * * *
In accordance with R.S. 33:404 the Mayor is authorized to supervise and direct the operation of all municipal departments other than a police department with an elected chief of police, and has the power to appoint or remove municipal employees.
In response to your question we feel it is significant to determine whether the administrative assistant is an officer of the municipality or an employee. In Ardoin v. Rougeau,670 So.2d 441, (La.App 1996), the court recognized a test set forth inCloud v. State, 420 So.2d 1259 (La.App. 1982), cert denied,423 So.2d 1166, to distinguish between employees and public officials as follows:
 If the individual acts as an agent of the state and exercises a portion of the sovereign power or if the office occupied involves a large degree of independence in which the individual is not under the direct supervision and control of an employer then the individual is a public officer.
In the Ardoin case the court noted that in Williams v. Board ofTrustees, 653 So.2d 1337 (La.App. 1995) the parish attorney was recognized as a public officer, as was the deputy coroner in theCloud case, whereas in State v. Haltom, 462 So.2d 662 (La.App. 1984), the parish road superintendent was not a public officer because he was subject to the supervision and control of the police jury. Since the municipal attorney is not under the direct supervision and control of an employer, it was concluded the individual holding the position of municipal attorney is a public officer.
Following this test we would conclude that the assistant administrator is not an officer. While his duties have not been defined, it appears clear he is under the direct supervision and control of the Mayor and cannot exercise a large degree of independence.
Accordingly, we find under the power assigned in R.S. 33:404 to the Mayor "to appoint and remove municipal employees", he would have the authority to appoint an administrative assistant as an employee without the approval of the Board of Aldermen. However, that is not without restrictions.
While this office determined in Atty. Gen. Op. 97-492 that it is appropriate for the mayor to determine if a pay raise is merited, and the amount thereof as to employees who are not deemed to be municipal officers, it was concluded, "Regardless of whether it is the mayor or the board of aldermen who determines whether a particular officer or employee is given a raise, the money for the raise must be budgeted in accordance with the requirements of the Local Government Budget Act, R.S. 39:1301, et seq."
Therefore, while the Mayor may appoint an assistant as an employee without approval of the Board of Aldermen, this appointment is meaningless until the salary is budgeted. In Atty. Gen. Op. No. 94-520 this office was presented with questions relative to the appointment of Chief of Police by the Mayor without the confirmation of the Board of Aldermen. As observed therein by this office the power of the Board of Aldermen encompasses the control of the fisc, and the Mayor cannot supersede the fiscal control of the town council without the latter's approval, and the town treasurer can only disburse municipal funds on a warrant issued by order of the mayor and board of aldermen. Thus, this office stated, "Therefore, the mayor's expenditure of municipal funds without specific appropriation by the town council is a power denied him by law."
The latter opinion further concluded that the Mayor's refusal to follow these procedures of a specific appropriation for expenditure of municipal funds may subject him to the charge of malfeasance in office as defined in R.S. 14:134. This office cited LaFleur v. Roberts, 157 So.2d 340 (La. 1963) for the proposition that the law limiting or qualifying the authority of a municipal official cannot be disregarded on the basis of the exercise of administrative discretion.
We note that R.S. 14:134 in part defines malfeasance in office when any public employee shall "intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or intentionally perform any such duty in an unlawful manner." Thus, to prove malfeasance the State has to prove the public officer intentionally failed to perform a required duty which is, of course a question we cannot answer.
In response to your question whether the Board of Aldermen of Erath may create the position of Superintendent of Public Works and amend the budget to pay the salary of this Superintendent, we find this office has stated in Atty. Gen. Op. 98-58, with reliance upon Bourgere v. Anzelmo, 517 So.2d 1121 (La.App. 1987), that an ordinance giving the aldermen authority to appoint a committee to hire, fire, investigate and discipline town employees even with the Mayor's participation was invalid. It was concluded that the Board could only organize the City into various departments upon the Mayor's recommendation, stating, "Any department of a municipality, other than a police department in a municipality with an elected chief of police, shall be created, abolished, merged, or consolidated by the board of aldermen, upon written recommendation of the mayor." Moreover, we do not find the Board would have the authority to appoint someone to fill this position without the Mayor's appointment. R.S.33:404 gives the Mayor authority to appoint any department head subject to the approval of the board of aldermen, and as previously pointed out "necessary officers" are appointed by the mayor at the first regular meeting of the board of aldermen after the regular election subject to confirmation by the board. Thus, the legislative action of the Board of Aldermen cannot be contrary to that prescribed by statute.
We hope this sufficiently answers you inquiries, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR