Dear Mayor-Elect Hayward:
You advise that you have recently been elected to the position of Mayor of the Town of Vivian, a Lawrason Act municipality, governed by the provisions of R.S. 33:321, et seq. Your specific question concerns your appointment authority.
We direct your attention to the provisions of R.S. 33:386, stating:
§ 386. Appointment of municipal officials; bond required
 A. At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk, tax collector, except as provided for in R.S. 33:381(D), and all other necessary officers whose election is not provided for in R.S. 33:381. In the event of a vacancy, the mayor, subject to confirmation by the board of aldermen, shall appoint a successor to any such office. In making or approving such appointments and in filling vacancies, the mayor and board of aldermen shall give preference to residents of the municipality if all other considerations are equal.
 B. The clerk and the tax collector shall execute bonds to the municipality in such amounts and with such surety and conditions as may be prescribed by ordinance and shall hold their offices until their successors are appointed and qualified.
 C. The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by R.S. 33:381(A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require.
 D. The term of the clerk, tax collector, nonelected chief of police, street commissioner, municipal attorney, and court magistrate shall end at the time of the first regular meeting of the board of aldermen succeeding each regular municipal election. (Emphasis added).
Those municipal officials referenced in R.S. 33:386 quoted above are appointed by the Mayor subject to confirmation by the Board of Aldermen.
Note further that the Mayor is authorized to appoint municipal employees pursuant to R.S. 33:404, providing:
§ 404. Duties of mayor
 A. The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
 (2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
 (3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a nonelected chief of police, the municipal clerk, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. Furthermore, selection or removal of any person engaged by a municipality to conduct an examination, review, compilation, or audit of its books and accounts pursuant to R.S. 24:517 shall be subject to approval by the board of aldermen of that municipality.
(4) To sign all contracts on behalf of the municipality.
 (5) To prepare and submit an annual operations budget and a capital improvements budget for the municipality to the board of
 aldermen in accordance with the provisions of R.S. 39:1301
et seq. and any other supplementary laws or ordinances.
 (6) To represent the municipality on all occasions required by state law or municipal ordinance.
 (7) To be the keeper of the municipal seal and affix it as required by law.
 (8) To sign warrants drawn on the treasury for money, to require that the municipal clerk attest to such warrants, to affix the municipal seal thereto, and to keep an accurate and complete record of all such warrants.
 (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
 B. The provisions of this Section shall not be construed to alter, affect, or amend any powers, duties, and functions of any elected chief of police as set forth in R.S. 33:423, R.S. 33:423.2, and R.S. 33:423.3. (Emphasis added).
The power to appoint municipal employees without the approval of the Board of Aldermen is not without restrictions. In Attorney General Opinion 99-23 this office concluded "while the Mayor may appoint [municipal employees] without approval of the Board of Aldermen, this appointment is meaningless until the salary is budgeted". See Attorney General Opinions 99-23 and 97-492.
You also ask us if the town attorney may also serve as the court magistrate in mayor's court. In Attorney General Opinion 78-1421, this office concluded "there is no prohibition under state law against an attorney serving at the same time as Town Attorney and Magistrate of the Mayor's Court, provided another attorney serves as prosecutor in the court." However, mayors' courts are part of the judiciary, and its magistrates are subject to the Code of Judicial Conduct. See Article V, § 5(a) and 20, Constitution of 1974. We suggest you seek the opinion of the Judiciary Commission, with attention directed to Mr. Steven Scheckman, 601 St. Charles Avenue, New Orleans, LA 70130, phone number 504-568-8299.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: December 10, 2002
OPINION NUMBER 99-23
February 24, 1999
71 — Municipalities 77 — Officers R.S. 33:386
R.S. 33:404
While the Mayor can appoint an administrative assistant as an employee, the salary must be budgeted by the Board of Aldermen. The Mayor and not the Board of Aldermen appoints department heads.
Hon. Jack D. Smith La. State Representative District 50 500 Main Street, Room 304 Franklin, LA 70338
Dear Representative Smith:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointment by the Mayor of the Town of Erath of an administrative assistant, and appointment by the Board of Aldermen of a Superintendent of Public Works. The Board of Aldermen has neither approved an allocation in the budget to pay for the salary of the administrative assistant nor has his duties been defined. The administrative assistant would only be answerable to the Mayor. In this regard you ask as follows:
 Does the Mayor of the Town of Erath have the authority to appoint an administrative assistant without approval of the Board of Aldermen inasmuch as the Board of Aldermen has not made an allocation in the budget to pay for the salary/wages of the administrative assistant and the duties of the assistant are not defined?
 Is the Mayor in violation of the State Budget Act and/or Lawrason Act?
 Can this act by the Mayor be considered malfeasance in office?
You additionally ask the following question:
 Would the Board of Aldermen of Erath be within their legal rights to create the position of Superintendent of Public Works and then amend the budget to pay the salary/ wages of this Superintendent. The Board of Aldermen would then appoint someone to fill this position without the Mayor's appointment as a position under the Board of Aldermen's appointments?
We note that R.S. 33:386 provides in part as follows:
 A. At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor, subject to confirmation of the board of aldermen, shall appoint a clerk, tax collector, except as provided in R.S. 33:381(D), and all other necessary officers whose election is not provided for in R.S. 33:381. * * *
In accordance with R.S. 33:404 the Mayor is authorized to supervise and direct the operation of all municipal departments other than a police department with an elected chief of police, and has the power to appoint or remove municipal employees.
In response to your question we feel it is significant to determine whether the administrative assistant is an officer of the municipality or an employee. In Ardoin v. Rougeau, 670 So.2d 441, (La.App 1996), the court recognized a test set forth in Cloud v. State, 420 So.2d 1259
(La.App. 1982), cert denied, 423 So.2d 1166, to distinguish between employees and public officials as follows:
 If the individual acts as an agent of the state and exercises a portion of the sovereign power or if the office occupied involves a large degree of independence in which the individual is not under the direct supervision and control of an employer then the individual is a public officer.
In the Ardoin case the court noted that in Williams v. Board ofTrustees, 653 So.2d 1337 (La.App. 1995) the parish attorney was recognized as a public officer, as was the deputy coroner in the Cloud
case, whereas in State v. Haltom, 462 So.2d 662 (La.App. 1984), the parish road superintendent was not a public officer because he was subject to the supervision and control of the police jury. Since the municipal attorney is not under the direct supervision and control of an employer, it was concluded the individual holding the position of municipal attorney is a public officer.
Following this test we would conclude that the assistant administrator is not an officer. While his duties have not been defined, it appears clear he is under the direct supervision and control of the Mayor and cannot exercise a large degree of independence.
Accordingly, we find under the power assigned in R.S. 33:404 to the Mayor "to appoint and remove municipal employees", he would have the authority to appoint an administrative assistant as an employee without the approval of the Board of Aldermen. However, that is not without restrictions.
While this office determined in Atty. Gen. Op. 97-492 that it is appropriate for the mayor to determine if a pay raise is merited, and the amount thereof as to employees who are not deemed to be municipal officers, it was concluded, "Regardless of whether it is the mayor or the board of aldermen who determines whether a particular officer or employee is given a raise, the money for the raise must be budgeted in accordance with the requirements of the Local Government Budget Act, R.S. 39:1301, et seq."
Therefore, while the Mayor may appoint an assistant as an employee without approval of the Board of Aldermen, this appointment is meaningless until the salary is budgeted. In Atty. Gen. Op. No. 94-520 this office was presented with questions relative to the appointment of Chief of Police by the Mayor without the confirmation of the Board of Aldermen. As observed therein by this office the power of the Board of Aldermen encompasses the control of the fisc, and the Mayor cannot supersede the fiscal control of the town council without the latter's approval, and the town treasurer can only disburse municipal funds on a warrant issued by order of the mayor and board of aldermen. Thus, this office stated, "Therefore, the mayor's expenditure of municipal funds without specific appropriation by the town council is a power denied him by law."
The latter opinion further concluded that the Mayor's refusal to follow these procedures of a specific appropriation for expenditure of municipal funds may subject him to the charge of malfeasance in office as defined in R.S. 14:134. This office cited LaFleur v. Roberts, 157 So.2d 340 (La. 1963) for the proposition that the law limiting or qualifying the authority of a municipal official cannot be disregarded on the basis of the exercise of administrative discretion.
We note that R.S. 14:134 in part defines malfeasance in office when any public employee shall "intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or intentionally perform any such duty in an unlawful manner." Thus, to prove malfeasance the State has to prove the public officer intentionally failed to perform a required duty which is, of course a question we cannot answer.
In response to your question whether the Board of Aldermen of Erath may create the position of Superintendent of Public Works and amend the budget to pay the salary of this Superintendent, we find this office has stated in Atty. Gen. Op. 98-58, with reliance upon Bourgere v. Anzelmo,517 So.2d 1121 (La.App. 1987), that an ordinance giving the aldermen authority to appoint a committee to hire, fire, investigate and discipline town employees even with the Mayor's participation was invalid. It was concluded that the Board could only organize the City into various departments upon the Mayor's recommendation, stating, "Any department of a municipality, other than a police department in a municipality with an elected chief of police, shall be created, abolished, merged, or consolidated by the board of aldermen, upon written recommendation of the mayor." Moreover, we do not find the Board would have the authority to appoint someone to fill this position without the Mayor's appointment. R.S. 33:404 gives the Mayor authority to appoint any department head subject to the approval of the board of aldermen, and as previously pointed out "necessary officers" are appointed by the mayor at the first regular meeting of the board of aldermen after the regular election subject to confirmation by the board. Thus, the legislative action of the Board of Aldermen cannot be contrary to that prescribed by statute.
We hope this sufficiently answers you inquiries, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
OPINION NUMBER 97-492
FEBRUARY 2, 1998
71-Municipalities 77-Officers R.S. 33:362, 33:381, 33:386, 33:404, 33:404.1
Board of alderman are authorized to determine the compensation of only municipal officers, thus mayor is proper person to determine if non-officer employees are to be given raises.
The Honorable Odeal J. Montgomery Mayor Town of Ferriday 1116 Second Street Ferriday, LA 71334
Dear Mayor Montgomery:
You requested the opinion of this office concerning whether the mayor or the board of aldermen is authorized to give and determine the amount of pay raises to town employees, including those in the mayor's office. Please be advised as follows:
The Town of Ferriday is a Lawrason Act municipality governed by the provisions of R.S. 33:321, et seq. The provisions of the Lawrason Act which are pertinent to your request are as follows:
R.S. 33:362. Exercise of municipal powers; legislative, executive
 "A. (1) The legislative powers of a municipality shall be vested in and exercised by the board of aldermen.
* * *
 (3) Subject to law, including R.S. 33:423.2 and 423.3, and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees."
 R.S. 33:381. Municipal officers
 "A. The officers of every municipality shall be a mayor, aldermen, a chief of police, a tax collector, and a clerk.
 R.S. 33:386. Appointment of municipal officials; bond required
 "A. At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk, tax collector, except as provided for in R.S. 33:381(D), and all other necessary officers whose election is not provided for in R.S. 33:381
. . .
* * *
 C. The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by R.S. 33:381(A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require." (Emphasis added)
 R.S. 33:404. Duties of mayor
 "A. The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
* * *
 (3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a nonelected chief of police, the municipal clerk, the municipal attorney, or any department head, shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail . . ."
 R.S. 33:404.1. Compensation of municipal officers
 "The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen may by ordinance increase or decrease their compensation and the compensation of any nonelected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected." (Emphasis added)
Thus, while the mayor may fix the compensation, subject to the approval of the board of aldermen, of the city attorney, it is the board of aldermen and not the mayor who is authorized to fix the compensation of the mayor, aldermen, clerk, chief of police and all other municipal officers.
We would also noted that R.S. 33:441(B) authorizes the board of aldermen in their discretion, upon request of the mayor, to appoint an attorney to act as court magistrate. The board of aldermen are to fix and pay the salary of the magistrate, if one is appointed.
As to employees who are not deemed to be municipal officers, it is the opinion of this office that it is appropriate for the mayor to determine if a pay raise is merited, and the amount thereof.
Regardless of whether it is the mayor or the board of aldermen who determines whether a particular officer or employee is given a raise, the money for the raise must be budgeted in accordance with the requirements of the Local Government Budget Act, R.S. 39:1301, et seq.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH/
Date Received: Date Released:
Martha S. Hess, Assistant Attorney General Section Chief — Finance and Contracts