THERIOT, J.'
| gThis is an appeal from the judgment of the Nineteenth Judicial District Court, dismissing the plaintiff-appellant’s petition for declaratory judgment with prejudice. For the following reasons, we affirm.
FACTS AND PROCEDURAL BACKGROUND
The plaintiff-appellant, Mary E. Roper, was previously employed as Parish Attorney for the City of Baton Rouge and Parish of East Baton Rouge. Roper was ap *552 pointed as Parish Attorney pursuant to East Baton Rouge Plan of Government § 11.01, which authorizes the appointment of a Parish Attorney “for an indefinite term.” In a letter dated May 15, 2014, the Administrator-Treasurer for the defendant-appellee, the East Baton Rouge Parish Metropolitan Council (“Metro Council”), notified Roper of the Metro Council’s proposed termination of Roper’s employment as Parish Attorney. The letter stated: “The grounds which will be considered for [Roper’s] removal are as [sic ] improper disclosure of proprietary information, [b]reach of fiduciary duty, and failure of confidence.” The letter notified Roper that a hearing would be held regarding the proposed termination on May 28, 2014; that she could choose to be represented by counsel at this hearing; and that the Metro Council would make a final decision on termination thereafter. The hearing on the proposed termination was postponed at the request of Roper’s counsel.
On August 12, 2014, shortly before the rescheduled hearing on the proposed termination was set to take place, Roper filed a petition against the Metro Council, seeking a declaratory judgment, permanent injunction, preliminary injunction, and temporary restraining order. Roper sought a declaration that, pursuant to the Louisiana Constitution and East Baton Rouge Plan of Government, her employment as Parish Attorney was not aHwill; that, at a minimum, the Metro Council was required to provide “sufficient grounds” for her termination; and that, pursuant to the due process clauses of the United States and Louisiana constitutions, her employment could be terminated only if she was afforded “adequate measures” to prepare for the hearing on the proposed termination, including the ability to depose and propound discovery upon members of the Metro Council. Based on this same rationale, Roper sought injunctive relief restraining the Metro Council from considering the proposed termination of her employment.
The trial court granted Roper’s request for a temporary restraining order on August 13, 2014, thereby restraining, enjoining, and prohibiting the Metro Council from considering the proposed termination of Roper’s employment for a period of ten days, and ordering the Metro Council to show cause as to why a preliminary injunction should not be issued and the temporary restraining order be maintained effective throughout the pendency of the proceedings. The Metro Council responsively filed an exception of no cause of action, which the trial court granted as to all requests for injunctive relief, but overruled as to the request for declaratory relief. After hearing arguments on the request for declaratory relief, on September 16, 2014, the trial court rendered judgment dismissing Roper’s petition for declaratory judgment with prejudice. Roper filed a timely appeal.
ASSIGNMENT OF ERROR
Roper presents a single assignment of error on appeal:
1. The trial court erred by holding that the Metro Council did not need cause in order to terminate the Parish Attorney from her employment as a municipal and parochial official.
^STANDARD OF REVIEW
Trial courts are vested with wide discretion in deciding whether to grant or refuse declaratory relief. Louisiana Supreme Court Committee on Bar Admissions v. Roberts, 00-2517 (La.2/21/01), 779 So.2d 726, 728. Appellate courts review a trial court’s decision to grant or deny a petition for declaratory judgment using the abuse of discretion standard. Mai v. Floyd, 05-2301 (La.App. 1 Cir. 12/6/06), *553 951 So.2d 244, 245, writ denied, 07-0581 (La.5/4/07), 956 So.2d 619. The scope of appellate review is confined to a determination of whether or not the trial court abused its discretion by granting or refusing to render a declaratory judgment. Edgar Benjamin Fontaine Testamentary Trust v. Jackson Brewery Marketplace, 02-2337 (La.App. 4 Cir. 5/7/03), 847 So.2d 674, 677.
DISCUSSION
Roper asserts that the trial-court erred by denying her petition for declaratory judgment. She contends that, as Parish Attorney, she could be removed from office solely in accordance with the provisions of La. Const, art. X, §§ 24 and 25, and that, in the alternative, she could be removed from office only for cause specifically identified by the Metro Council.
Louisiana Code of Civil Procedure article 1871 provides courts with the authority to “declare rights, status,' and other legal relations whether or not further relief is or could be claimed.” Any person whose “rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.” La.C.C.P. art. 1872. The result in a declaratory judgment faction “shall have the force and effect of a final judgment or decree.” La.C.C.P. art. 1871.
In this case, the trial court dismissed Roper’s petition for declaratory judgment with prejudice, effectively ratifying the Metro Council’s proposed termination procedures. In the trial court’s oral reasons for judgment, the trial court explained that it denied Roper’s petition for declaratory judgment because it concluded that Roper was “entitled to nothing more than the procedure outlined in [East Baton Rouge Plan of Government § 2.13].” We agree.
Louisiana Constitution, Article X, Sections 24 and 25, provide for the removal of public officials by impeachment or by suit following the commission or conviction of a felony, or for malfeasance or gross misconduct' in office. In pertinent part, these provisions state:
(A) Persons liable. A state or district official, whether elected or appointed, shall be liable to impeachment for commission or conviction, during his term of office of a felony or for malfeasance or gross misconduct while in such office.
(B) Procedure. Impeachment shall be by the House of Representatives and trial by the Senate, with senators under oath or affirmation for the trial. The concurrence of two-thirds of the elected senators shall be necessary to convict. The Senate may try an impeachment whether or not the House is in session and may adjourn when- it deems proper. Conviction upon impeachment shall result in immediate removal 'from office. Nothing herein shall prevent other action, prosecution, or punishment authorized by law;
La, Const, art. X, § 24.
For the causes enumerated by [La, Const, art. X, § 24(A) ] the legislature shall provide by general law for the removal by suit of any state, district, parochial, ward, or municipal officer except the. governor, lieutenant governor, and judges of the courts of record.
La. Const, art. X, § 25.
| ^Pursuant to its authority to provide for the removal of public officials by suit, the legislature has enacted a comprehensive statutory scheme relating to the removal of public officials and the effects of removal from office. See La. R.S. 42:1411, et *554 seq. In relevant part, the legislature has provided that a public official “shall be removed from office for conviction, -during his term of office, of a felony.” La. R.S. 42:1411(A).
On appeal, Roper contends that, as Parish Attorney, she was a municipal public official who could be removed from office only for the commission or conviction .of a felony or for malfeasance or gross misconduct in office. Roper cites Williams v. Bd. of Trustees for Employees’ Retirement System of Parish of East Baton Rouge, 94-1024 (La.App. 1 Cir. 4/7/95), 653 So.2d 1337, in support of her position. In Williams, this court affirmed a district court's ruling granting exceptions of no cause of action and no right of action in a suit brought by the former Parish Attorney of East Baton Rouge. In that-case, the Parish Attorney sought declaratory judgment regarding his rights under[1] the public employee disability' retirement system. This court concluded that La. R.S. 42:1411(B), which, prohibits the receipt of benefits to a public official-removed from office after conviction of a felony, applied to the Parish Attorney, reasoning he qualified as a “public officer.” Williams, 653 So.2d at 1340. However, that decision was vacated by the Louisiana Supreme Court. Williams v. Bd. Of Trustees, 95-1127, (La.6/30/95), 657 So.2d 1307 (mem) (per curiam). In a brief, per curiam opinion, the Louisiana Supreme Court stated it was “not clear” whether La. R.S. 42:1411(B) precluded the Parish Attorney from seeking disability retirement benefits, and' remanded the matter to the district court for a full trial on the merits. Williams, 657 So.2d at 1307.
17After reviewing the relevant provisions of law, we hold that subordinate, municipal employees: appointed by local governing bodies for an indefinite term are not “public officials” for .purposes of removal from office. First, we are persuaded by the fact that the law repeatedly refers to public official “terms” of office. For example, La. Const, art. X, § 24(A) permits impeachment of a public official for commission or conviction of a felony “during [the official’,s] term of . office,” Similarly, La. R.S. 42:141-1, which provides for automatic suspension of a public official upon ■ conviction of a felony, reflects the legislative intent that the removal provisions of lay apply to individuals serving in a public capacity for a definite period of time. .Pending appellate review of a suspended official’s conviction, the person appointed to perform a suspended official’s duties serves “in his appointed capacity until the conviction of the public official is reversed on appeal or until expiration of the term of office of the suspended public official, whichever occurs first.” La. R.S. 42:1411(C) (emphasis added).[1]
Furthermore, we are persuaded by the Louisiana Supreme Court’s interpretation of Article IX, Section 6, of the Louisiana Constitution of 1921, the predecessor to current La. Const, art, X, § 25, in State ex rel. Harvey v. Stanly, 173 La. 807, 138 So. 845 (1931). There, the Louisiana Supreme Court stated:
*555 [The] provisions for the impeachment or removal of public officers are applicable only to an officer elected by the electors of the state or of the district, parish, ward, or municipality in which the officer functions, or to an officer appointed by the Governor. They were not intended to be applied to subordinate |⅞officers employed or elected by local administrative or executive boards or commissions ....
State ex rel. Harvey, 138 So. at 847 (emphasis added).
In State ex rel. Harvey, the Vernon Parish school superintendent challenged his removal from office by the parish school board, arguing, in part, that he was a public officer who could be removed from office only in accordance with the removal provisions of the Louisiana Constitution. State ex rel. Harvey, 138 So. at 846-47. The Louisiana Supreme Qourt rejected his appeal, finding that the parish school board could remove him from office in accordance with statutory law providing for the removal of school superintendents by a majority vote of the local school board. State ex rel. Harvey, 138 So. at 847. The Louisiana Supreme Court reasoned: “A parish superintendent cannot be regarded as a public officer, within the meaning of [Article IX, Section 6, of the Louisiana Constitution of 1921], providing for the removal of a public officer by the judgment of the district court of his domicile.” State ex rel. Harvey, 138 So. at 847.
In the case at bar, we find that Roper is not a municipal public officer under jl&. Const, art. X, §§ 24 and 25. The Metro Council was entitled to establish its own procedures relative to the removal of its subordinate municipal employees and officials appointed for an indefinite term. In pertinent part, East Baton Rouge Plan of Government § 2.13 dictates the removal procedures for parish employees and officials appointed for an indefinite term:
The Metro[] Council may remove any officer or employee appointed by it for an indefinite term, provided it shall first give such officer or employee notice in writing of its intention to remove him, containing a clear statement of the grounds for such removal and fixing the time and place, not less than ten days after the service of the notice, at which he shall be given an opportunity to be heard thereon. After the hearing, which [ 3shall be public at the option of the person sought to be removed, and at which he may be represented by counsel, the decision of the Council shall be final.
The Metro Council complied with the above-stated rules’ regarding the proposed termination of Roper’s employment. The Metro Council provided Roper with written notice of the proposed termination of her employment as Parish Attorney. The Metro Council provided Roper with a sufficient, clear statement of the grounds for the proposed termination, insofar as the notice given.to Roper explained the proposed removal was based upon alleged improper disclosure of proprietary information, breach of fiduciary duty, and failure of confidence. The Metro Council appropriately fixed the time and location of a hearing on the proposed termination, and notified Roper of her right to be represented by counsel at this hearing.. The Metro Council was not required.to afford Roper extensive discovery, and was not limited in its ability to remove Roper from office ■ solely in accordance with the impeachment or suit provisions of La. Const, art. X, §§ 24 and 25. Therefore, the trial court did not err by denying Roper’s petition for declaratory judgment.
*556 DECREE
The judgment of the Nineteenth Judicial District Court, dismissing Mary E. Roper’s petition for declaratory judgment with prejudice, is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Mary E. Roper.
AFFIRMED.

. We note that although an appointed official may qualify as a public official, see La. Const, art. X, § 24(A); the great weight of jurisprudence deals with elected officials serving in office for a definite period of time. See e.g., Spooner v. West Baton Rouge Parish School Bd., 526 So.2d 851 (La.App. 1 Cir.1988), writ denied, 531 So.2d 479 (La.1988); Perez v. Plaquemines Parish Commission Council, 391 So.2d 1308 (La.App. 4 Cir.1980), writ refused, 397 So.2d 805 (La.1981); Tucker v. Huval, 374 So.2d 745 (La.App. 3 Cir.1979); see also, La. R.S. 42:1411(E) (detailing appointment procedures to fill specific suspended public officials’ positions, including legislators, parish/municipal council members, mayors, school board members, district attorneys, sheriffs, coroners, and tax assessors).